[Civ. No. 27616. Fourth Dist., Div. Two. Aug. 16, 1982.]

SYMMAR, INC., et al., Petitioners, v.
WORKERS' COMPENSATION APPEALS BOARD and
UNINSURED EMPLOYERS FUND, Respondents.

COUNSEL

Strantz & Fine and Thomas W. Bradford for Petitioners.

Stephen M. Deen, Reba Zackery, Agnes T. Barling and John M. Rae for Respondents.

## OPINION

KAUFMAN, Acting P. J.—Petitioners Symmar, Inc./Clarott II and one of its insurance carriers, Fremont Indemnity Company, seek review and annulment of a decision and order of the Workers' Compensation Appeals Board (WCAB or the Board) determining that Fremont Indemnity is not entitled to contribution from the Uninsured Employers Fund with respect to benefits awarded Charles A. Eckman (the applicant) on account of an injury to his heart resulting from cumulative trauma in the nature of job stress. We affirm the order of the Board.

The applicant was employed as the chairman of the board and chief executive officer by Symmar, Inc./Clarott II (the employer). On September 8, 1977, Mr. Eckman filed an application for adjudication of

claim asserting injuries to his heart and other internal organs, allegedly caused by stress and strain arising out of his employment during the period August 1969 through February 1, 1977. On February 7, 1978, the Board ordered the Administrator of the Uninsured Employers Fund joined as a party defendant with respect to the period March 25, 1972, through March 26, 1974. When the matter came on for hearing on December 1, the Board ordered four of the employer's insurance carriers, including petitioner Fremont Indemnity Company, each of which provided employer with insurance coverage during a different period of time, joined as parties defendant. It also ordered joined as a defendant the employer with respect to various periods it was uninsured. The applicant elected to proceed against those defendants who were present, namely, as pertinent to this review, the employer and Fremont Indemnity Company.

On March 1, 1979, the WCAB trial judge issued minutes of hearing, a summary of the evidence, findings and award and an opinion. The workers' compensation judge (WCJ) found that the applicant sustained injury to his heart arising out of and occurring in the course of the employment for the period March 1972 to September 1973. He further found that Fremont Indemnity Company did not insure the employer for workers' compensation for the period March 25, 1972, to July 1, 1972. He also found that the applicant's injury caused permanent disability of 25 percent after apportionment of 75 percent to nonindustrial causes. The award was made in favor of the applicant and solely against Fremont Indemnity. A finding numbered 12 read: "The Award is to be administered by Fremont Indemnity Co. Fremont Indemnity has the right to pursue contribution from the co-defendant Department of Industrial Relations as Administrator of the Uninsured Employer's Fund." In the minutes, however, under a heading reading: "LET THE RECORD SHOW" the WCJ stated: "The official address record indicates that the Director of Industrial Relations for the Uninsured Employer's Fund may not have been served with the notice of this Hearing."

The applicant petitioned for reconsideration contending there was no proper basis for apportionment and that the period of cumulative trauma should have been more extended than that found by the WCJ. The Board granted reconsideration and in an opinion and decision after reconsideration determined that there was no basis for apportionment and that the applicant's disability rated 100 percent. However, the Board upheld the WCJ's finding with respect to the period of continuing trauma, March 1972 to September 1973. It ordered the findings and award

of the WCJ amended accordingly, repeating the findings that Fremont Indemnity did not provide insurance coverage to the employer for the alleged period March 25, 1972, to July 1, 1972, and that the award was to be administered by Fremont Indemnity, including the provision: "Fremont Indemnity has the right to pursue contribution from the co-defendant Department of Industrial Relations as Administrator of the Uninsured Employer's Fund." The award issued by the Board again ran in favor of the applicant solely against Fremont Indemnity Company.

Both the applicant and Fremont Indemnity Company sought reconsideration of the Board's opinion and decision after reconsideration, but reconsideration was denied by the Board. Both the applicant and Fremont Indemnity Company then filed petitions for a writ of review in this court. However, both petitions were denied by this court as untimely filed.

Thereafter, Fremont Indemnity filed a petition for contribution under Labor Code section 5500.5[1] claiming that pursuant to the earlier findings and award of the Board it was entitled to pursue contribution from codefendant Department of Industrial Relations as administrator of the Uninsured Employers Fund (UEF).

On October 6, 1981, the WCJ issued findings of fact granting the petition for contribution and finding: "The percentage of contribution is approximately 18% by Fremont Indemnity Co., petitioner, and 82% by the Uninsured Employers' Fund."

The UEF petitioned for reconsideration. In its "Opinion and Order Granting Reconsideration and Decision after Reconsideration" the Board found and concluded that the UEF "cannot be required to con-

---

[1]Section 5500.5 provides in pertinent part: "(e) At any time within one year after the appeals board has made an award for compensation benefits in connection with an occupational disease or cumulative injury, any employer held liable under such award may institute proceedings before the appeals board for the purpose of determining an apportionment of liability or right of contribution. Such a proceeding shall not diminish, restrict, or alter in any way the recovery previously allowed the employee or his dependents, but shall be limited to a determination of the respective contribution rights, interest or liabilities of all the employers joined in the proceeding, either initially or supplementally; provided, however, if the appeals board finds on supplemental proceedings for the purpose of determining an apportionment of liability or of a right of contribution that an employer previously held liable in fact has no liability, it may dismiss such employer and amend its original award in such manner as may be required."

tribute to liability for a cumulative injury." The Board concluded that the UEF may not be the subject of contribution proceedings pursuant to Labor Code section 5500.5, because "the UEF was not established for the purpose of providing a source of contribution for other carriers." Accordingly, the Board rescinded the WCJ's findings of fact and issued an order denying Fremont Indemnity's petition for contribution.

The employer and Fremont Indemnity Company petitioned this court for a writ of review. We issued the writ and the matter is now before us for decision.

In the petition, return and reply the parties engage in a good deal of unseemly personality, mostly in connection with extraneous factual or irrelevant legal matter, as a result of which the court has had little assistance with respect to the pertinent issues. We requested additional briefing on several points, and the parties have complied.

■ Basically, it is the position of Fremont Indemnity Company[2] that the UEF in effect becomes the insurer of the uninsured employer and is therefore subject to an order for contribution pursuant to Labor Code section 5500.5 (see fn. 1, *ante*) just as any insurer is. The applicable statutory provisions refute that analysis, and we have concluded that the order of the Board is correct and should be affirmed.

The UEF is established by Labor Code section 3716 and the conditions precedent to the Board's jurisdiction to order the fund to pay an award made against an uninsured employer are set forth in Labor Code sections 3715 and 3716. As will appear, the statutory conditions have not been met in this case, and the Board was correct in concluding that the UEF was not established as a source of contribution to insurance carriers or self-insured or legally insured employers.

Insofar as is here pertinent, Labor Code section 3715 provides that when an injured employee files an application for adjudication of claim against an unlawfully uninsured employer, the Board shall proceed to hear and determine the application and "shall make such award to such claimant as he would be entitled to receive if such employer had secured the payment of compensation as required, and such employer

---

[2]Symmar, Inc./Clarott II is also named as a petitioner, but as will become apparent in the discussion, no award has been made against the employer and it is doubtful whether it may be said to be aggrieved by the order denying contribution.

shall pay such award in the manner and amount fixed thereby or shall furnish to the appeals board a bond, in such an amount and with such sureties as the appeals board requires, to pay such employee such award in the manner and amount fixed thereby."

Labor Code section 3716 as most recently amended (Stats. 1981, ch. 894, § 2 [No. 6 Deering's Adv. Legis. Services p. 487; No. 7, West's Cal. Legis. Service pp. 3382-3383]) reads in pertinent part: "(a) *If the employer fails to pay the compensation required by Section 3715* to the person entitled thereto, *or fails to furnish the bond required by Section 3715 within a period of 10 days* after notification of such award, the award, upon application by the person entitled thereto, shall be paid by the director from the Uninsured Employers Fund, which fund is hereby created in the State Treasury. . . . [¶] (b) It is the intent of the Legislature that the Uninsured Employers Fund is created to ensure that workers who happen to be employed by illegally uninsured employers are not deprived of workers' compensation benefits, and is not created as a source of contribution to insurance carriers, or self-insured, or legally insured employers. The Uninsured Employers Fund has no liability for claims of occupational disease or cumulative injury unless no employer during the period of the occupational disease or cumulative injury during which liability is imposed under Section 5500.5 was insured for workers' compensation, was permissibly self-insured, or was legally uninsured. *No employer has a right of contribution against the Uninsured Employers Fund for the liability of an illegally uninsured employer under an award of benefits for occupational disease or cumulative injury,* nor may an employee in a claim of occupational disease or cumulative injury elect to proceed against an illegally uninsured employer." (Italics added.)

From the language of subdivision (b) it is abundantly clear that the Legislature did not intend the UEF to be treated as an insurer of an uninsured employer for purposes of Labor Code section 5500.5. However, the provisions found in subdivision (b) were first included in section 3716 by the 1981 statutory amendment. Although we are confident that the provisions of subdivision (b) do not effect a change in the law but are simply declaratory of the original legislative intent, we need not in this case get entangled in the complex problems of possible retroactive application of substantive statutory enactments.

The UEF is purely a statutory creature, and to render it liable for payment the statutory conditions must be strictly met. Disregarding any

other possible conditions, the primary conditions are that there be an award against an employer who has failed to secure the payment of compensation (Lab. Code, § 3715) and a failure by the employer to pay the award or to furnish the bond required by section 3715 within a period of 10 days after notification of such award (Lab. Code, § 3716, subd. (a)). In the case at bench, although the employer was joined as a defendant in respect to periods during which it was unlawfully uninsured, no award was made against it. The award made by the Board (as well as the award made by the WCJ) was solely against Fremont Indemnity Company; no award was made against the employer.

In the supplemental briefing we requested, Fremont Indemnity urges that the employer was in a state of bankruptcy and could not have paid the award or furnished the bond required by the statute so that any award against the employer would have been futile. It is true there is evidence in the record that Symmar, Inc. and/or one or more of its subsidiaries was in a bankrupt condition. Nevertheless, that issue was not made and tried in the proceedings below, and we cannot take judicial notice that an award against the employer would have been futile. In any event, the statute requires an award against the uninsured employer as a prerequisite to liability on the part of the fund. We are not at liberty to write the statutory prerequisite out of the statute.

The only issue of legitimate concern is presented by Fremont Indemnity's claim that its right to seek contribution from the fund was established by the decision of the Board after granting reconsideration in which was reiterated the WCJ's finding: "Fremont Indemnity has the right to pursue contribution from the co-defendant Department of Industrial Relations as Administrator of the Uninsured Employer's Fund." In effect, Fremont Indemnity claims that its right to seek contribution against the fund became res judicata when UEF failed to seek reconsideration of the determination of Fremont Indemnity's right by the WCJ and its reiteration by the Board.

In its opinion and order granting reconsideration and decision after reconsideration pertaining to the petition for contribution, the Board responded to this contention of Fremont Indemnity as follows: "[T]he finding in that decision [the WCJ's decision of March 1, 1979] was merely that Fremont Indemnity had a right to pursue contribution. This was not a finding of liability for or an order of contribution; it was a reservation of jurisdiction on the issue." Upon reflection, we are persuaded that the Board's analysis is correct. The UEF did not appear

and participate in the hearing on December 1, 1978, which resulted in the order of March 1, 1979, and in fact the WCJ specifically noted in his minutes of the hearing that the Administrator of the Uninsured Employers Fund might not have been served with notice of the hearing. Further, the issue of the right of Fremont Indemnity to seek contribution from the UEF was not actually litigated at the hearing; indeed, that issue was not included in the WCJ's enumeration of issues to be tried. We believe the most reasonable interpretation of the finding that Fremont Indemnity had the right to pursue contribution from the UEF is that it was simply a reservation of jurisdiction, just as the Board concluded.

Board's opinion and order granting reconsideration and decision after reconsideration denying contribution is affirmed.

McDaniel, J., and Trotter, J., concurred.