[No. B002509. Second Dist., Div. Six. May 25, 1984.]

DANIEL SOBINIAK, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
DONALD ROHDE et al., Respondents.

**COUNSEL**

Ghitterman, Hourigan, Grossman, Finestone & Schumaker and Brian F. Hourigan for Petitioner.

John M. Rea, Richard W. Starkeson, S. E. Tuskes, Ira Kalinsky and Ernest E. Vivas for Respondents.

**OPINION**

**STONE, P.** Petitioner Daniel Sobiniak seeks review of the order of respondent Workers' Compensation Appeals Board (WCAB) denying reconsideration of the findings and order of the workers' compensation judge (WCJ) allowing a credit to respondent Uninsured Employers Fund (UEF) against petitioner's recovery from a third party pursuant to Labor Code sections 3861 and 3732, subdivision (e).[1] As we shall explain, petitioner is not entitled to relief.

On June 10, 1980, petitioner Sobiniak's right arm and hand were crushed when caught in a concrete pumping machine while in the course of his employment by respondent Donald Rohde, doing business as R. R. Concrete Pumping Company. Employer Rohde was illegally uninsured for workers' compensation, and was eventually declared bankrupt.

Sobiniak initiated a civil action against the manufacturer of the pump. That action was settled for "a gross recovery of $135,000," Sobiniak receiving final payment on January 28, 1982.

---

[1]All further section references herein will be to the Labor Code unless otherwise noted.

Sobiniak also applied for workers' compensation benefits from employer Rohde. On March 9, 1982, a board referee ordered that UEF be joined as a party defendant. On January 5, 1983, the WCJ found that Sobiniak sustained industrial injury while employer Rohde was illegally uninsured, and awarded benefits to Sobiniak. UEF then petitioned for a credit in the amount of Sobiniak's net recovery in his civil action pursuant to sections 3861 and 3732, subdivision (e).[2] Sobiniak contested the petition on the asserted ground that section 3732, subdivision (e), which had become operative January 1, 1982, could not lawfully be applied retrospectively to his recovery from the third party because his injury occurred June 10, 1980.

The WCJ allowed the credit, concluding in his opinion on decision that UEF's obligation did not arise from its own act or omission, but rather as guarantor of the award against an uninsured employer, and it did not arise until at least 10 days after the findings and award issued on January 5, 1983, at which time section 3732, subdivision (e) was in effect;[3] and therefore the employer's alleged negligence could not be a defense to UEF's claim for credit. The WCJ further opined that Sobiniak, having received compensation for his injury from the third party, is precluded from double recovery by the credit provision. The WCJ also concluded that section 3732, subdivision (e) is remedial and is not retrospective with reference to the date when UEF's obligation arose, and thus the date of Sobiniak's injury is irrelevant.

The WCAB denied reconsideration.

Petitioner Sobiniak contends that (1) since the Legislature did not expressly state whether section 3732, subdivision (e) was prospective or retrospective, it cannot be applied retrospectively, and (2) it was unlawfully applied retrospectively here, because his injury occurred prior to its effective date.

Irrespective of whether the Legislature intended section 3732, subdivision (e) to be prospective or retrospective, it was not *applied* retrospectively

---

[2] Section 3861 provides for allowance of a credit against liability for compensation for the amount of the employee's recovery against a third party. Section 3732, subdivision (e) provides: "In determining the credit to the Uninsured Employers Fund provided by Section 3861, the appeals board shall not take into consideration any negligence of the employer, but shall allow a credit for the entire amount of the employee's recovery either by settlement or after judgment, as has not theretofore been applied to the payment of expenses or attorney's fees."

[3] Section 3716, as amended effective January 1, 1982, provides in part: "(a) If the employer fails to pay the compensation . . . or fails to furnish the bond . . . within a period of 10 days after notification of such award, the award . . . shall be paid by the . . . Uninsured Employers Fund . . . ."

here.[4] (*Jenkins* v. *Workmen's Comp. Appeals Bd.* (1973) 31 Cal.App.3d 259 [107 Cal.Rptr. 130]; see *Symmar, Inc.* v. *Workers' Comp. Appeals Bd.* (1982) 135 Cal.App.3d 65 [185 Cal.Rptr. 67]; Cal. Workmen's Compensation Practice (Cont.Ed.Bar Supp. 1982) p. 127; 1 Herlick, Cal. Workers' Compensation Law Handbook (2d ed. 1978) pp. 394-395.)

In *Jenkins, supra,* the employee sustained industrial injury on February 19, 1971, while his employer did not have workers' compensation insurance. In March 1972, after the March 4, 1972, effective date of section 3716, he sought benefits from UEF. The court stated (*id.,* at p. 263): "[Section 3716] does not create a new right having its origin in the initial injury. Rather, the right created is based upon the fact of nonpayment of an obligation already in existence, i.e., the award of compensation. It is this time (nonpayment within 10 days after entry of the award), and not the time of injury, that effectuates section 3716. For this reason, the section is not, in effect, applied retroactively when an employee, whose award is subsequent to the effective date, is given the benefit of the statute. 'A retrospective law is one which affects rights, obligations, acts, transactions and conditions which are performed or exist prior to the adoption of the statute.' [Citation.] . . . In the case before the court, as of March 4, 1972, Dude Jenkins had only an inchoate right to compensation. Only when the award of compensation was made on March 9, 1972, did a vested right to collection and payment accrue. It follows that, since this right arose after the effective date of section 3716, it cannot be argued that the law is being applied retrospectively."

*Symmar, Inc.* v. *Workers' Comp. Appeals Bd., supra,* 135 Cal.App.3d 65 involved section 3716, as amended effective January 1, 1982, as part of the same statute in which section 3732, subdivision (e) was added. (Stats.

---

[4]Regarding legislative intent, petitioner Sobiniak relies on a canon of interpretation cited in older cases (e.g., *Aetna Cas. & Surety Co.* v. *Ind. Acc. Com.* (1947) 30 Cal.2d 388, 393 [182 P.2d 159]) that statutes are not to be given retrospective operation unless it is clearly made to appear that such was the legislative intent. Respondent UEF, on the other hand, relies on more recent cases (e.g., *In re Marriage of Bouquet* (1976) 16 Cal.3d 583, 587 [128 Cal.Rptr. 427, 546 P.2d 1371]; *Mannheim* v. *Superior Court* (1970) 3 Cal.3d 678, 687 [91 Cal.Rptr. 585, 478 P.2d 17]; *In re Estrada* (1965) 63 Cal.2d 740, 746 [48 Cal.Rptr. 172, 408 P.2d 948]) to the effect that the aforementioned canon is not a "straight jacket" and that its presumption of prospectivity is to be applied only after, considering all pertinent factors, it is "impossible to ascertain the Legislature's intent." Respondent then cites several factors assertedly indicative of the Legislature's intent that section 3732, subdivision (e) (Stats. 1981, ch. 894) is retrospective, not prospective, for example: The context of the legislation shows that it is remedial in nature, correcting oversights, ambiguities, and poor draftsmanship in the original legislation creating UEF (Lab. Code, § 3716; Stats. 1971, ch. 1598) which had resulted in disputes as to its meaning in several respects in cases involving both civil actions and proceedings before the WCAB. As above stated, we do not reach the question of legislative intent since here, irrespective of such intent, the statute was not applied retrospectively.

1981, ch. 894.) The court reiterated the principle that UEF's liability depends upon the date of the award, not of the injury, the court stating (pp. 70-71): "The UEF is purely a statutory creature, and to render it liable for payment the statutory conditions must be strictly met. Disregarding any other possible conditions, the primary conditions are that there be an award against the employer who had failed to secure the payment of compensation (Lab. Code, § 3715) and a failure by the employer to pay the award or to furnish the bond required by section 3715 within a period of 10 days after notification of such award (Lab. Code, § 3716, subd. (a))."

In the instant case, the WCJ correctly concluded that UEF's liability did not arise until at least 10 days after the findings and award of January 5, 1983, irrespective of the date of Sobiniak's injury, and therefore that the credit to which UEF was entitled by section 3732, subdivision (e) was not applied retrospectively here.

The order of respondent Workers' Compensation Appeals Board denying reconsideration is affirmed.

Gilbert, J., and Abbe, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied August 9, 1984.