IN RE the MARRIAGE OF: Patricia M. LUMBY, Petitioner-Respondent,

v.

Frederick E. LUMBY, Jr., Appellant.

Court of Appeals

*No. 82-2093. Submitted on briefs October 13, 1983.— Decided November 22, 1983.*
(Also reported in 341 N.W.2d 725.)

For the appellant the cause was submitted on the briefs of *Chambers, Nash, Pierce & Podvin, S.C.* of Wisconsin Rapids.

For the petitioner-respondent the cause was submitted on the brief of *Robert O. Burr* and *McManus Law Office* of Madison.

Before Gartzke, P.J., Dykman, J. and Gordon Myse, Reserve Judge.

DYKMAN, J.   Frederick Lumby appeals from a judgment of divorce. He claims that the trial court erred by excluding his business debts from the marital estate when

it made the property division. We hold that the appeal is moot because both parties were discharged in bankruptcy after the judgment was entered. We therefore dismiss the appeal.

Frederick and Patricia Lumby were divorced April 7, 1982. At the hearing, Frederick testified that he had incurred substantial debts in connection with his business both before and during the marriage. As of the time of hearing, he owed business and non-business creditors $217,042. The trial court excluded from the marital estate the real and personal property connected with Frederick's business and his business debts. The court divided the parties' non-business assets equally between them. It assigned the business debts to Frederick and ordered him to pay Patricia $7,118.50 as part of the property division.

Both Patricia and Frederick were subsequently granted discharges in bankruptcy. We ordered the parties to brief the issue whether the discharges had mooted this appeal. Patricia argues that the appeal is moot because the only claim of error involves the trial court's treatment of the business debts. Frederick argues that the appeal is not moot because he reaffirmed his $7,118.50 debt to Patricia.

The bankruptcy court records in Frederick's and Patricia's cases are "capable of accurate and ready determination" by this court, *Schlumpf v. Yellick*, 94 Wis. 2d 504, 510 n. 8, 288 N.W.2d 834, 838 (1980), and we will take judicial notice of them. The records show that Frederick filed a voluntary bankruptcy petition on January 20, 1983. The bankruptcy court granted him a discharge May 3, 1983, and the estate was closed May 25, 1983. Patricia filed a voluntary bankruptcy petition on February 27, 1983. The bankruptcy court granted her a discharge June 30, 1983, and the estate was closed July 26, 1983. Frederick wrote a letter to Patricia dated January 25, 1983, reaffirming his debt to her in the amount of

$7,118.50 or whatever was determined after this appeal. The letter was attached to the schedule of property on Patricia's petition. Frederick did not reaffirm the debt in his own case, however, and the bankruptcy court did not approve his reaffirmation. Frederick stated in a letter to the court asking to be excused from attending the reaffirmation and discharge hearing that he had no debts to reaffirm.

11 U.S.C.S. sec. 727(a) provides in part:

The court shall grant the debtor a discharge unless—

. . . .

(10) the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter.

11 U.S.C.S. sec. 524 sets standards for court approval of a debtor's reaffirmation of debts. It provides in part:

(c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if—

(1) such agreement was made before the granting of the discharge under section 727, 1141, or 1328 of this title;

(2) the debtor has not rescinded such agreement within 30 days after such agreement becomes enforceable;

(3) the provisions of subsection (d) have been complied with; . . . .

(d) In a case concerning an individual, when the court has determined whether to grant or not to grant a discharge under section 727, 1141, or 1328 of this title, the court shall hold a hearing at which the debtor shall appear in person. At such hearing, the court shall inform the debtor that a discharge has been granted or the reason why a discharge has not been granted. If a discharge has been granted and if the debtor desires to make an agreement of the kind specified in subsection (c) of this section, then at such hearing the court shall—

(1)  inform the debtor—
(A)  that such an agreement is not required under this title, under nonbankruptcy law, or under any agreement not made in accordance with the provisions of subsection (c) of this section; and
(B)  of the legal effect and consequences of—
(i)  an agreement of the kind specified in subsection (c) of this section; and
(ii)  a default under such an agreement;
. . . .

Rule 4006 of the Interim Rules for the U.S. Bankruptcy Court for the Western District of Wisconsin provides that the bankruptcy court will approve a reaffirmation of a debt secured by an automobile provided that specified standards are met. This is the only exception to the requirements of 11 U.S.C.S. sec. 524 allowed by the Interim Rules and is inapplicable to this case.

Frederick's reaffirmation of his debt to Patricia was not performed in accordance with 11 U.S.C.S. secs. 524 and 727(a)(10). The reaffirmation therefore is invalid, and the debt is unenforceable.

"A case is moot when a determination is sought which, if rendered, could have no practical effect upon a then-existing controversy." *State ex rel. McDonald v. Douglas Cty. Cir. Ct.,* 100 Wis. 2d 569, 572, 302 N.W.2d 462, 463 (1981). The business debts which Frederick argues should have been included in the marital estate have been discharged, and neither Frederick nor Patricia are liable for their payment. Frederick's reaffirmation of his debt to Patricia is invalid, so that whether the amount of the debt was improperly determined is irrelevant. Any determination by this court as to whether the trial court should have included the business debts in the marital estate will therefore have no effect on an existing legal controversy. The appeal is moot.

"[W]e will reach the merits of a moot question where it presents an issue of great public importance or where the situation involved will arise with sufficient frequency to warrant a definitive decision to guide trial courts in similar instances." *Id.* at 572–73, 302 N.W.2d at 463. The present case does not meet this standard.

*By the Court.*—Appeal dismissed.