[No. H002681. Sixth Dist. Apr. 21, 1988.]

MARY A. ARMENTA, Cross-complainant and Appellant., v.
JAMES A. EDMONDS, JR., as Real Estate Commissioner, etc.,
Cross-defendant and Respondent.

COUNSEL

Howard C. Gawthrop and Robert C. Anderson for Cross-complainant and Appellant.

John K. Van de Kamp, Attorney General, Timothy Laddish and Richard F. Finn, Deputy Attorneys General, for Cross-defendant and Respondent.

OPINION

**CAPACCIOLI, J.**—Mary A. Armenta appeals from an order denying her application for payment out of the real estate recovery account. (Bus. & Prof. Code, § 10470 et seq.)

The facts were stipulated below and we are asked to resolve a question of law. Armenta recovered a default judgment against a licensed real estate agent based upon allegations of fraud. The agent filed bankruptcy and Armenta requested the bankruptcy court to determine the dischargeability of the debt on the basis of the alleged fraud of the agent. During the pendency of her action in the bankruptcy court, she filed the instant application. The bankruptcy court ruled in favor of the agent and discharged the debt. The trial court relied upon the discharge by the bankruptcy court and denied her application.

Armenta contends on appeal that an application for payment out of the real estate recovery account can be predicated upon a debt which has been discharged in bankruptcy.[1] We disagree because of the express language of three interrelated statutes.

[1] This question could not arise today. Armenta filed her application prior to the effective date of Business and Professions Code section 10471, subdivision (c)(7)(F), which requires the following verified allegation be made in an application seeking recovery from the account: "That the underlying judgment and debt have not been discharged in bankruptcy, or, in the case of a bankruptcy proceeding that is open at the time of the filing of the application, that

"When an aggrieved person obtains a final judgment" against a real estate licensee, he may file an application for payment from the real estate recovery account if certain other prerequisites are met. (Bus. & Prof. Code, § 10471, subdivision (a).) "A judgment is the final determination of the rights of the parties in an action or proceeding." (Code Civ. Proc., § 577.) A discharge in bankruptcy "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor . . . ." (11 U.S.C.A. § 524(a)(1).)

Accordingly, it follows that no final personal judgment against a real estate licensee existed in this case because the final determination of the right of Armenta to recover from the licensee was abrogated by the discharge in bankruptcy.

The order is affirmed.

Agliano, P. J., and Brauer, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 13, 1988.

---

the judgment and debt have been declared to be nondischargeable." (Amended by Stats. 1987, ch. 535, § 3.)