[No. H008310. Sixth Dist. Mar. 6, 1992.]

LOUIS ORTIZ, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and UNINSURED
EMPLOYERS FUND, Respondents.

## COUNSEL

Brian H. McCarthy for Petitioner.

Richard W. Younkin, William B. Donohoe, Thomas J. McBirnie, James D. Fisher and Philip L. Buckwalter for Respondents.

## OPINION

**COTTLE, Acting P. J.**—In this case we are asked to determine whether an injured employee may seek benefits from the Uninsured Employers Fund (UEF) following discharge of the debts of the uninsured employer in bankruptcy. We determine that the employee in this case did not satisfy the statutory conditions required to render the UEF liable for payment. Thus, under the particular facts of this case, the injured employee is precluded from seeking such benefits.

## FACTS AND PROCEDURAL HISTORY

Petitioner Louis Ortiz (applicant) filed an application for adjudication of his workers' compensation claim alleging he was working as a manager for Charles Capone, doing business as Capone's Vault (Capone) when he sustained an injury to his back in April 1987. At the time of the injury, Capone was uninsured for purposes of workers' compensation. When applicant could not effect personal service on Capone, respondent Workers' Compensation Appeals Board (board) ordered that summons be served by publication. Applicant then filed a declaration of readiness to proceed.

After a prehearing conference on May 31, 1988, which Capone did not attend, the workers' compensation judge (WCJ) ordered that the UEF be joined as a party defendant. A hearing was scheduled for August 10, 1988. On that date, neither Capone nor the UEF appeared. Applicant requested and was granted permission to testify to establish a prima facie case of entitlement to workers' compensation benefits. On September 15, 1988, the WCJ issued an award of temporary disability, reimbursement for medical treatment and medical-legal expenses, and further medical treatment.

On October 24, 1988, the UEF informed the board that applicant knew in April 1988 that Capone had filed for bankruptcy and obtained an automatic stay of the workers' compensation proceedings pursuant to 11 United States Code section 362. The UEF stated the WCJ's award was in violation of the automatic stay and thus void. An order rescinding the September 15 award issued on December 21, 1988.

Applicant and Capone stipulated to a partial relief from the stay of the bankruptcy proceeding. The stipulation recited: "Creditor acting as Plaintiff may continue the prosecution of his action presently pending against Debtor and others before the Worker's [*sic*] Compensation Appeals Board . . . . [A]ny judgment award or settlement obtained therein against Debtor shall not be enforced against Debtor without further order of this [bankruptcy] court." A de novo hearing was scheduled for June 23, 1989, in the workers' compensation proceeding. Further hearings were held on September 8. Capone contended at the hearings that applicant was a partner and as such was excluded from the provisions of the workers' compensation laws. On March 12, 1990, the WCJ issued his findings and award, finding that applicant was an employee when he sustained his injury and awarding applicant an undetermined amount of temporary disability, reimbursement of self-procured medical treatment, and further medical treatment. Capone petitioned for reconsideration of the findings and award, but the petition was dismissed as untimely.

A further hearing was scheduled for August 8, 1990. One of the issues at the hearing was whether applicant's failure to make a claim as a creditor in Capone's bankruptcy proceeding precluded the WCJ from making an award of benefits to applicant against Capone and therefore against the UEF. Capone had received a discharge of all his listed debts on May 15, 1990; although applicant was a listed creditor, he had not filed a proof of claim in the bankruptcy proceeding. After allowing the parties to file points and authorities, the WCJ found that the effect of the bankruptcy court's order of discharge was to enjoin continuation of applicant's workers' compensation case. The case was therefore dismissed on December 19, 1990.

Applicant petitioned for reconsideration arguing that, although the discharge in bankruptcy protected Capone from applicant's workers' compensation claim, his claim should be paid by the UEF. In his report and recommendation on the petition for reconsideration the WCJ indicated that since the liability of the UEF is limited to partial satisfaction of awards entered against uninsured employers, and no award could be entered against Capone due to applicant's failure to file a proof of claim in the bankruptcy proceeding, there could be no award enforceable against the UEF. The board, with one dissent, denied reconsideration adopting and incorporating the WCJ's report and recommendation on the petition.

In his timely petition for writ of review filed in this court, applicant argued that Capone's bankruptcy discharge does not preclude applicant from recovering his claim from the UEF. No response to the petition was filed, and this court summarily denied the petition. Following applicant's petition for review, the Supreme Court granted review and transferred the matter to this court with directions to issue a writ of review. This court was directed to consider the writ in light of 11 United States Code section 524(e) and relevant case law. We subsequently requested and received from respondent board a response to applicant's petition.

## DISCUSSION

It is the public policy of this state "to ensure that workers who happen to be employed by illegally uninsured employers are not deprived of workers' compensation benefits . . . ." (Lab. Code, § 3716, subd. (b).) It is for that purpose that the UEF was created. (*Ibid.*) ■ "The UEF is purely a statutory creature, and to render it liable for payment the statutory conditions must be strictly met. Disregarding any other possible conditions, the primary conditions are that there be an award against an employer who has failed to secure the payment of compensation (Lab. Code, § 3715) and a failure by the employer to pay the award or to furnish the bond required by section 3715

within a period of 10 days after notification of such award (Lab. Code, § 3716, subd. (a)).” (*Symmar, Inc.* v. *Workers' Comp. Appeals Bd.* (1982) 135 Cal.App.3d 65, 70-71 [185 Cal.Rptr. 67].)

■    Thus, in order for applicant to render the UEF liable for payment of any award it sought against Capone, it was necessary for applicant to obtain such an award. It was to this end that applicant filed his application for adjudication of claim against Capone. However, when Capone filed his petition for bankruptcy, all judicial and administrative proceedings against him were automatically stayed and any actions taken in violation of the automatic stay were void. (11 U.S.C. § 362(a), (b); *In re Sambo's Restaurants, Inc.* (9th Cir. 1985) 754 F.2d 811, 816; but see *In re Mansfield Tire and Rubber Co.* (6th Cir. 1981) 660 F.2d 1108.)

■    Relief from the automatic stay is generally granted upon request for workers' compensation proceedings. (See, e.g. *In re Ernest F. Mart* (Bankr. D.Ore. 1983) 34 Bankr. 448.) Relief may be received either by stipulation with counsel or by motion before the bankruptcy court. ■    The UEF could not move for relief from the automatic stay here as it was not a creditor; its liability for payment and thus entitlement to repayment from Capone would not arise until at least 10 days after an award issued or applicant otherwise made a demand for payment. (Lab. Code, § 3716, subd. (a).); 11 U.S.C. § 362(d); *Sobiniak* v. *Workers' Comp. Appeals Bd.* (1984) 156 Cal.App.3d 448, 452 [202 Cal.Rptr. 789].) Thus, applicant was required to seek the relief.

Applicant was notified of Capone's pending chapter 13 bankruptcy, having been listed as an unsecured creditor. (11 U.S.C. §§ 341, 342; rule 2003, Bankr. Rules.) However, applicant failed to request relief from the automatic stay until a stipulation for such relief was filed and approved in June 1989. Thus, the findings and award issued by the WCJ before that date were void.

Having received relief from the automatic stay, applicant's claim against Capone could properly proceed to a hearing before respondent board. However, applicant was also required to file a proof of claim in the bankruptcy proceedings as Capone was seeking to pay his debts, albeit at a reduced level of 10 cents on the dollar. (11 U.S.C. §§ 501, 507.) The filing of a proof of claim would have acted as the formal demand for payment of an award against Capone which is required under Labor Code section 3716, subdivision (a) before the UEF's liability for payment arises. Thus, having obtained relief from the automatic stay, all applicant needed to do was to file a proof of claim in Capone's bankruptcy proceeding and all the necessary conditions

to either payment or settlement of his workers' compensation case by the UEF would have been met.

Assuming the prerequisites to payment by the UEF have been met, if a findings and award in a workers' compensation proceeding issues prior to a discharge of an employee's claim in bankruptcy, the UEF would pay the award, become a creditor, and thus be able to file its own proof of claim in the bankruptcy proceeding. (Lab. Code, § 3717; 11 U.S.C. § 362(d).) With an exception not applicable here, "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." (11 U.S.C. § 524(e).) ■ Thus, a findings and award may issue even after the discharge. (*Matthews Cadillac, Inc.* v. *Phoenix of Hartford Ins. Co.* (1979) 90 Cal.App.3d 393, 397-398 [153 Cal.Rptr. 267].) If it does, the UEF is liable for the difference between the amount of the award and that amount paid by the bankruptcy estate prior to the discharge. (Lab. Code, § 3716, subd. (a).) The discharge in bankruptcy operates as an injunction prohibiting any proceeding against the employer for personal liability based on the award, however, including the UEF's right to seek reimbursement pursuant to Labor Code section 3717. (11 U.S.C. § 524(a)(1),(2); *Wilcox* v. *Rohr* (1947) 81 Cal.App.2d 312 [183 P.2d 916].)

■ Applicant argues that he can proceed in the workers' compensation proceeding even without having filed a proof of claim in the bankruptcy proceeding as the sole purpose of the workers' compensation proceeding is to confirm his right to seek recovery from the UEF. (Compare *In re Walker* (10th Cir. 1991) 927 F.2d 1138, with *Armenta* v. *Edmonds* (1988) 201 Cal.App.3d 464 [247 Cal.Rptr. 204].) He argues that the stipulation for relief from the automatic stay in bankruptcy prohibits enforcement of an award without further order of the bankruptcy court but it does not prohibit the issuance of an award against Capone, or enforcement against the UEF. (11 U.S.C. § 524(e).) ■ It is true that 11 United States Code section 524(e) does not preclude a judgment against a debtor to fix liability of codebtors, guarantors, or insurers. (*Underhill* v. *Royal* (9th Cir. 1985) 769 F.2d 1426; *In re Jet Florida Systems, Inc.* (11 Cir. 1989) 883 F.2d 970.) However the UEF, as a "purely statutory creature" whose liability depends on the strict compliance with statutory conditions, is none of these. In order to seek enforcement against the UEF of any award against Capone, applicant was required to strictly meet the statutory conditions.

■ In this case, applicant failed to file a proof of claim in Capone's bankruptcy proceeding. As a result, applicant was not entitled to receive any payment of his claim from the bankruptcy estate before Capone was discharged from personal liability. As a further consequence, prior to the

discharge, applicant never made a proper demand on Capone for payment of an award, a prerequisite to the UEF's liability for payment pursuant to Labor Code section 3716, subdivision (a). That is, applicant did not strictly meet the statutory conditions that would render the UEF liable for payment. Having failed to make a proper demand for payment prior to the discharge of applicant's claim in the bankruptcy proceeding, applicant is now enjoined from obtaining an award in a workers' compensation proceeding enforceable against either Capone personally or the UEF. Accordingly, the board properly denied reconsideration of the dismissal of applicant's claim.

The order of the board is affirmed.

Elia, J., and Agliano, J.,* concurred.

Petitioner's application for review by the Supreme Court was denied May 28, 1992. George, J., was of the opinion that the application should be granted.

---

*Retired Presiding Justice of the Court of Appeal, Sixth District, sitting under assignment by the Chairperson of the Judicial Council.