[No. B093137. Second Dist. Div. Five. May 1, 1996.]

RALPH D. HURLEY, Plaintiff and Respondent, v.
JOHN BREDEHORN et al., Defendants and Appellants.

**COUNSEL**

Buchalter, Nemer, Fields & Younger and Jay R. Ziegler for Defendants and Appellants.

Clark & Trevithick, and Philip W. Bartenetti and Arturo Santana, Jr., for Plaintiff and Respondent.

## OPINION

**TURNER, P. J.**—This case presents the question whether a discharge in bankruptcy precludes our disposition of this appeal. Defendants, John Bredehorn and Voluntary Plan Administrators, Inc., have moved that we indefinitely stay consideration of the merits of the appeal. We conclude that under the circumstances of this case, we should continue the existing injunction against further proceedings, and grant defendants 60 days from the date of this order to seek a modification of the discharge order in the bankruptcy court allowing this appeal to proceed.[1]

The facts are undisputed. Defendants prevailed in the trial court and successfully recovered their attorney fees, albeit in a lesser amount than they had sought. They have appealed from an order granting plaintiff, Ralph D. Hurley's, motion to tax costs. Defendants contend their attorney fee award was improperly reduced. While this appeal was pending, and after the filing of the respondent's brief by plaintiff, he filed a petition for relief under the Bankruptcy Code (11 U.S.C.). An order for relief was entered under chapter 7 of the Bankruptcy Code. On March 11, 1996, an order of discharge was entered. We asked the parties to file letter briefs addressing the effect of the discharge order on this appeal. Defendants have argued we should indefinitely stay this appeal for reasons which will be explained.

■ Because we are applying a federal statute, we follow rules of statutory construction enunciated by the United States Supreme Court. In *Kaiser Aluminum & Chemical Corp.* v. *Bonjorno* (1990) 494 U.S. 827, 835 [108 L.Ed.2d 842, 852, 110 S.Ct. 1570], quoting from *Consumer Product Safety Comm'n* v. *GTE Sylvania* (1980) 447 U.S. 102, 108 [64 L.Ed.2d 766, 772, 100 S.Ct. 2051], the United States Supreme Court held: "The starting point for interpretation of a statute 'is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive.' " The United States Supreme Court has noted that ". . . the statutory language controls its construction" (*Ford Motor Credit Co.* v. *Cenance* (1981) 452 U.S. 155, 158, fn. 3 [68 L.Ed.2d 744, 749, 101 S.Ct. 2239]) and that " '[t]here is, of course, no more persuasive evidence of the purpose of a statute than the words by which the

---

[1] In this appeal, we address the effect of the discharge order on an appeal involving a debtor-respondent. We do not address the effect of a discharge order in other procedural settings.

[L]egislature undertook to give expression to its wishes.'" (*Griffin* v. *Oceanic Contractors, Inc.* (1982) 458 U.S. 564, 571 [73 L.Ed.2d 973, 980-981, 102 S.Ct. 3245].) In interpreting a statute, the United States Supreme Court has noted: "'In expounding a statute, we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy.' [Citations.] Our objective in a case such as this is to ascertain the congressional intent and give effect to the legislative will." (*Philbrook* v. *Glodgett* (1975) 421 U.S. 707, 713 [44 L.Ed.2d 525, 532-533, 95 S.Ct. 1893].) On another occasion, the court stated, "We do not, however, construe statutory phrases in isolation; we read statutes as a whole." (*United States* v. *Morton* (1984) 467 U.S. 822, 828 [81 L.Ed.2d 680, 688, 104 S.Ct. 2769], fn. omitted.) Further, in interpreting a statute, the Supreme Court has emphasized the importance of avoiding: "absurd results" (*United States* v. *Turkette* (1981) 452 U.S. 576, 580 [69 L.Ed.2d 246, 253, 101 S.Ct. 2524]); "'an odd result'" (*Public Citizen* v. *Department of Justice* (1989) 491 U.S. 440, 454 [105 L.Ed.2d 377, 392, 109 S.Ct. 2558]); or "unreasonable results whenever possible." (*American Tobacco Co.* v. *Patterson* (1982) 456 U.S. 63, 71 [71 L.Ed.2d 748, 757, 102 S.Ct. 1534].) Moreover, the Supreme Court has noted, "Judicial perception that a particular result would be unreasonable may enter into the construction of ambiguous provisions, but cannot justify disregard of what Congress has plainly and intentionally provided." (*Commissioner* v. *Asphalt Products Co., Inc.* (1987) 482 U.S. 117, 121 [96 L.Ed.2d 97, 102, 107 S.Ct. 2275].) In *Griffin* v. *Oceanic Contractors, Inc., supra*, 458 U.S. at p. 571 [73 L.Ed.2d at p. 981], the court stated: "Nevertheless, in rare cases the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters, and those intentions must be controlling . . . . [Citations.]" When a statute is unambiguous, its language cannot "be expanded or contracted by the statements of individual legislators or committees during the course of the enactment process. [Citation.]" (*West Virginia Univ. Hospitals, Inc.* v. *Casey* (1991) 499 U.S. 83, 98-99 [113 L.Ed.2d 68, 83, 111 S.Ct. 1138].)[2]

■ A discharge order under the Bankruptcy Code: extinguishes the debtor's personal liability with respect to his creditor's claims; voids any judgment to the extent of the debtor's personal liability for a discharged debt; and enjoins the commencement or continuation of civil suits against the debtor personally to recover any discharged debt. (11 U.S.C. § 524 (a); *Johnson* v. *Home State Bank* (1991) 501 U.S. 78, 84, fn. 5 [115 L.Ed.2d 66,

---

[2]The California Supreme Court has adopted similar rules pertaining to the construction of statutes enacted by our Legislature. (*Lakin* v. *Watkins Associated Industries* (1993) 6 Cal.4th 644, 658-659 [25 Cal.Rptr.2d 109, 863 P.2d 179]; *People* v. *Jones* (1993) 5 Cal.4th 1142, 1146 [22 Cal.Rptr.2d 753, 857 P.2d 1163]; *Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].)

75, 111 S.Ct. 2150]; *Ortiz v. Workers' Comp. Appeals Bd.* (1992) 4 Cal.App.4th 392, 398 [5 Cal.Rptr.2d 484]; *Songer v. Cooney* (1989) 214 Cal.App.3d 387, 391 [264 Cal.Rptr. 1]; 3 Collier on Bankruptcy (15th ed. 1996) ¶ 524.01[2], p. 524-15; *id.*, ¶ 524.02[1], p. 524-17.) Title 11 United States Code section 524(a) (section 524(a)) states: "A discharge in a case under this title— [¶] (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under . . . this title, whether or not discharge of such debt is waived; [¶] (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; . . ."

Defendants concede the judgment awarding attorney fees was discharged in bankruptcy. Under the clear and unambiguous language of section 524(a), that judgment, to the extent it determined plaintiff's personal liability, is void. (*Matter of Shondel* (7th Cir. 1991) 950 F.2d 1301, 1306 ["On its face, the provision prevents suits and renders judgments void . . . with respect to the 'personal liability' of the debtor. . . ."]; *In re Levy* (N.D.Cal. 1988) 87 Bankr. 107, 108, 110 ["Section 524(a) was designed to void any judgment obtained before or after the discharge *without requiring the debtor to take any action at all.* [Citation.]"]; *Matter of Gallagher* (W.D.Wis. 1985) 47 Bankr. 92, 97 [fraud judgment obtained in violation of discharge injunction was void]; *Armenta v. Edmonds* (1988) 201 Cal.App.3d 464, 466 [247 Cal.Rptr. 204] [default judgment against real estate agent was abrogated by discharge in bankruptcy].) Furthermore, the discharge order acts as an injunction against the continuation of any action to hold the debtor personally liable on a discharged claim. (*In re Walker* (10th Cir. 1991) 927 F.2d 1138, 1141; *Ortiz v. Worker Comp. Appeals Bd.*, *supra*, 4 Cal.App.4th at p. 398 [employer's discharge in bankruptcy enjoined continuation of worker's compensation case against employer].) By this appeal, defendants admittedly seek to hold the plaintiff debtor liable on a discharged debt. Therefore, the "continuation" of this appeal has been enjoined under the plain language of section 524(a).

Defendants concede the discharge order released plaintiff from personal liability for the attorney fee award which is the subject of this appeal and prohibits them from attempting to collect on that claim as plaintiff's personal liability. However, they argue as follows: "[A]s creditors of the bankruptcy estate of Mr. Hurley, [defendants] are entitled to share in the assets of the bankruptcy estate together with other of his creditors. As of the present date, creditors have not been requested to file any proof of claim in Mr. Hurley's bankruptcy case because of the initial determination of the Court that, based

on the schedules filed by Mr. Hurley with his petition, there will be no assets to distribute to creditors. Nevertheless, it is possible that as the result of an ongoing investigation by creditors, including [defendants], certain property of Mr. Hurley may become available to his unsecured creditors in the bankruptcy case. If that occurs and a proof of claim is filed by [defendants], which includes the claim which is the subject of the pending appeal in this Court, and Mr. Hurley objects to that claim, the allowability of the claim will have to be adjudicated. (11 U.S.C. § 502(a) and (b)[.]) While normally this determination would be made by the Bankruptcy Court, it is probable that the Bankruptcy Court, on its own motion or a motion of one of the parties, would abstain in favor of a decision by this Court since the issues raised by the appeal already have been fully briefed in this Court and involve questions of state law. (28 U.S.C. § 1334(c)[.]) [¶] Accordingly, while [defendants] acknowledge that this appeal may not proceed further at this time, we request that the Court maintain the case on its docket, but hold any further activity in abeyance until such time as it can be determined whether or not the issues raised will become ripe for decision."

The question remains how this court should dispose of this appeal. There is a dearth of authority which explains what an appellate court should do when a discharge order is entered while a state court appeal is pending. However, state courts in Missouri and Wisconsin have held an appeal from entry of a judgment on a debt which has been discharged in bankruptcy is moot and must be dismissed. (*Shore* v. *Ultimate Hair & Skin Care* (Mo.Ct.App. 1993) 850 S.W.2d 954, 956; *Horton* v. *Dahlman* (Mo.Ct.App. 1987) 723 S.W.2d 619, 620; *Lumby* v. *Lumby* (1983) 116 Wis.2d 347 [341 N.W.2d 725, 725-727].) In each case, the court held a decision by it on the merits could not have any practical effect. In the present case, however, defendants argue a decision by this court *may* become necessary: *if* as yet undiscovered property of plaintiff's becomes available to his unsecured creditors in the bankruptcy case; *if* defendants file a proof of claim in the bankruptcy court which includes the attorney fee award which is the subject of this appeal; *if* plaintiff objects to that claim; and *if* the bankruptcy court abstains from deciding the allowability of that claim in favor of a decision by us on the merits of the underlying dispute.

The bankruptcy court has the power in equity to modify the discharge order to allow a state court action to proceed. (*Matter of Hendrix* (7th Cir. 1993) 986 F.2d 195, 198; *Matter of Shondel*, *supra*, 950 F.2d at pp. 1308-1309; *In re Winterland* (C.D.Ill. 1992) 142 Bankr. 289, 292 [". . . it is well settled that the injunction of § 524(a)(2) may be modified . . . so long as the Debtor will suffer no personal liability"].) The federal courts have modified discharge injunctions to allow the continuation of state court actions where there is a potential for recovery against a nondebtor. (E.g., *In re Walker*,

*supra*, 927 F.2d at p. 1144 [to establish right to recover from Utah Real Estate Recovery Fund]; *In re Jet Florida Systems, Inc.* (11th Cir. 1989) 883 F.2d 970, 973-975 [to recover from debtor's liability insurer]; *In re Mann* (W.D.Va. 1986) 58 Bankr. 953, 958 [recovery under uninsured motorist provision of insurance policy]; *In re McGraw* (W.D.Wis. 1982) 18 Bankr. 140, 142-143 [recovery against debtor's former employer under respondeat superior doctrine].)

Defendants contend there is a possibility the bankruptcy court would allow the present appeal to proceed. However, defendants' recourse, if any, is in the bankruptcy court. Only by securing a modification of the discharge order allowing this appeal to proceed can defendants avoid the effect of section 524(a). We note defendants have cited no authority for the proposition a bankruptcy court would modify the discharge injunction to allow us to proceed. Further, we have found no decisional authority involving a modification under circumstances similar to this case. Nevertheless, whether there are circumstances in this case which would warrant modifying the discharge order is a question only the bankruptcy court can decide. In the exercise of its equitable powers, the bankruptcy court must balance the interests of the moving party against those of the debtor. (*Hawxhurst* v. *Pettibone Corp.* (7th Cir. 1994) 40 F.3d 175, 182; *In re Winterland, supra,* 142 Bankr. at p. 292.) ▉ Therefore, we do not at this time conclude the appeal is moot. Instead, we will grant defendants 60 days from the date of this order to secure a modification of the discharge order in the bankruptcy court. Further, this appeal shall remain enjoined pending further order of this or the bankruptcy court.

Defendants shall have 60 days from the date of this order to secure a modification of the discharge order in the bankruptcy court allowing this appeal to proceed. Prior to the expiration of the 60 days, defendants shall either file a modification order with this court or apprise us of the status of any pertinent bankruptcy proceedings. This appeal shall remain enjoined pending further order of this or the bankruptcy court. If no modification of the discharge order is secured, or sufficient cause shown for further delay, this appeal will be dismissed as moot 61 days from the filing date of this opinion.

Grignon, J., and Armstrong, J., concurred.