Filed 1/14/26  P. v. Hillard CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MAURICE HILLARD,<br><br>    Defendant and Appellant. | D083925<br><br><br>(Super. Ct. No. SCD178097) |


APPEAL from orders of the Superior Court of San Diego County, John G. Pro and Roderick W. Shelton, Judges.  Dismissed.

Denise M. Rudasill, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier, and Emily Reeves, Deputy Attorneys General, for Plaintiff and Respondent.


Maurice Hillard purports to appeal orders on a postjudgment motion by which he sought to reduce a restitution fine and a victim restitution award

and to stay their execution. We dismiss the appeal as moot in part and taken from nonappealable orders in part.

## BACKGROUND

From 2001 through 2003, Hillard and an accomplice stole several trucks and used them to steal automatic teller machines from multiple locations. They later removed the cash from the machines and abandoned the trucks. Hillard and his accomplice were arrested after a deputy sheriff spotted them in a stolen truck.

A jury found Hillard guilty of conspiracy to commit grand theft, six counts of unlawful taking or driving of a vehicle, four counts of burglary, two counts of grand theft, and one count each of attempted grand theft, receiving stolen property, and resisting an executive officer. The trial court found Hillard had served two prior prison terms and had two prior strike convictions.

On September 20, 2004, Hillard was sentenced to prison as a third-strike offender for two years plus 300 years to life. He was ordered to pay a $10,000 restitution fine and $104,391.17 in victim restitution.

We affirmed the judgment on Hillard's appeal. (*People v. Hillard* (Apr. 19, 2006, D045175 [nonpub. opn.].) The Supreme Court of California denied his petition for review, and the remittitur issued on August 22, 2006.

On January 11, 2024, after Hillard had been released from prison on parole, he filed a motion to reduce the restitution fine to the statutory minimum, to stay execution of the reduced fine, and to stay execution of the victim restitution award. He argued the fine and the award were unconstitutionally excessive and deprived him of property without due process of law because he was living on Social Security (which he said could

2

not be used to pay the fine or award (42 U.S.C. § 407(a)) and had no other financial resources with which to pay them. (See U.S. Const., 8th Amend. [prohibiting imposition of "excessive fines"], 14th Amend., § 1 [prohibiting deprivation of property "without due process of law"]; *People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1160 (*Dueñas*) ["using the criminal process to collect a fine [the defendant] cannot pay is unconstitutional"].)

Hillard filed a form calendaring request for a "restitution hearing" and a hearing on his motion, and the trial court clerk set a hearing for March 25, 2024. At the hearing, Hillard's counsel told the court Hillard was "barely kind of making it" on Social Security and asked the court to exercise its discretion to deem any fines and fees satisfied. The prosecutor said he was "not concerned about the fines and fees" but Hillard "should continue to pay on the restitution." It is unclear whether the attorneys or the court was aware of the written motion Hillard had filed, because none of them mentioned it and the minutes for the hearing describe the motion as "oral." At the end of the hearing, the court (Hon. John G. Pro) stated: "The [c]ourt takes no action on the restitution. However, the [c]ourt does find an inability to pay regarding any court fines, fees and costs, and I deem them satisfied in full."

On June 5, 2024, the trial court (Hon. Roderick W. Shelton), without holding a hearing, issued a written order denying Hillard's January 11, 2024 motion in full.

Between issuance of the two orders, Hillard filed a notice of appeal. We granted his request to construe the notice as including both orders.

## DISCUSSION

The People move to dismiss the appeal on the ground the orders are not appealable because the trial court lacked jurisdiction to grant the relief

3

Hillard requested. Hillard opposes the motion on the ground the trial court had jurisdiction under Penal Code section 1172.1 to recall his sentence and to resentence him. For reasons discussed below, we conclude the appeal must be dismissed.

The appeal is moot as to Hillard's request the restitution fine be reduced to the statutory minimum and execution be stayed. A request for relief becomes moot when a subsequent act or event, including legislation, obviates the need for a court to grant relief. (See, e.g., *People v. Armas* (2024) 107 Cal.App.5th 350, 353 [appeal becomes moot when reversal would have no practical effect]; *Hurley v. Bredehorn* (1996) 44 Cal.App.4th 1700, 1705 [bankruptcy discharge of debt moots appeal of judgment on debt]; *County of San Diego v. Brown* (1993) 19 Cal.App.4th 1054, 1087 [subsequent legislation may moot issues in appeal].) As Hillard points out, while this appeal was pending legislation took effect providing: "Upon the expiration of 10 years after the date of imposition of a restitution fine pursuant to Section 1202.4, the balance, including any collection fees, shall be unenforceable and uncollectible and any portion of a judgment imposing those fines shall be vacated." (Pen. Code, § 1465.9, subd. (d); Stats. 2024, ch. 805, § 1, eff. Jan. 1, 2025.) His restitution fine was imposed on September 20, 2004, more than 10 years ago. "On January 1, 2025, when the statute became effective, [Hillard's] restitution fine was rendered uncollectible and unenforceable. At that time, the portion of his judgment imposing that fine was vacated. . . . Once the new law was effective, [his] restitution fine was vacated as surely as if the trial court judge had ordered it." (*In re Mattison* (2025) 115 Cal.App.5th 1062, 1069 (*Mattison*).) The portion of Hillard's appeal attacking the restitution fine is therefore moot and subject to dismissal. (*Deck v. Developers Investment Co., Inc.* (2023) 89 Cal.App.5th

4

808, 828–829 [partial dismissal may be ordered on severable issue]; *Armas,* at p. 353 [dismissing appeal when subsequent events rendered it moot].)[1]

The portion of the appeal concerning the victim restitution award is also subject to dismissal but for a different reason.  A party has no right to appeal a trial court's order "unless such is expressly made appealable by statute."  (*People v. Loper* (2015) 60 Cal.4th 1155, 1159 (*Loper*).)  The only statute potentially applicable to this appeal, which is from orders on a motion to modify a final judgment of conviction, authorizes a defendant in a criminal case to appeal "any order made after judgment, affecting the substantial rights of the party."  (Pen. Code, § 1237, subd. (b).)  As we shall explain, the orders refusing to modify the victim restitution award do not affect Hillard's substantial rights.

A trial court order denying relief the court lacks jurisdiction to grant does not affect a defendant's "substantial rights" within the meaning of Penal Code section 1237, subdivision (b).  (*People v. Faustinos* (2025) 109 Cal.App.5th 687, 693–694 (*Faustinos*); *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135; *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1726.)  A court generally loses jurisdiction to resentence a defendant once execution of the sentence has begun.  (*People v. Karaman* (1992) 4 Cal.4th 335, 344; *People v. Littlefield* (2018) 24 Cal.App.5th 1086, 1089 (*Littlefield*).)  The sentence includes the award of victim restitution.  (Cal. Const., art. I, § 28, subd. (b); Pen. Code, § 1202.4, subd. (f); *People v. Bernal* (2002)

---

[1]  "The only question for [Hillard], or any defendant, is whether to ask a trial court to correct the *abstract* of judgment to reflect the judgment." (*Mattison, supra*, 115 Cal.App.5th at p. 1069.)  Penal Code section 1465.9, subdivision (d) "implicitly allows a defendant to file a postjudgment motion in [the] trial court to correct the abstract of judgment to conform to the judgment." (*Mattison*, at p. 1070.)  Hillard may file such a motion in the trial court.  (*Id.* at 1071.)

101 Cal.App.4th 155, 164–165.) Hillard filed his motion to stay execution of the victim restitution award nearly two decades after he was ordered to pay restitution and began serving his sentence. Under the general rule depriving a court of jurisdiction to resentence a defendant after commencement of sentence execution, the trial court could not grant Hillard's motion. Its orders declining to do so thus did not affect his substantial rights and are not appealable under Penal Code section 1237, subdivision (b). (*Fuimaono*, at p. 145; *Littlefield,* at p. 1092.)

We reject the assertion in Hillard's motion that the trial court retained jurisdiction to modify the victim restitution award under Penal Code section 1202.46. Under that statute, "*when the economic losses of a victim cannot be ascertained at the time of sentencing* pursuant to subdivision (f) of Section 1202.4, the court shall retain jurisdiction over a person subject to a restitution order for purposes of imposing or modifying restitution until such time as the losses may be determined. This section does not prohibit *a victim, the district attorney, or a court* on its own motion from requesting correction, at any time, of a sentence *when the sentence is invalid due to the omission of a restitution order* or fine pursuant to Section 1202.4." (Italics added.) Section 1202.46 does not apply because the trial court awarded victim restitution at the sentencing hearing and had no need to retain jurisdiction until the amount of losses was determined. (*Littlefield, supra,* 24 Cal.App.5th at p. 1090.) Also, the only motion the statute authorizes is one by a victim, the district attorney, or the court to correct a sentence that omits a restitution order or fine. It authorizes no motion by a defendant to modify a restitution order included in the sentence. (*Ibid.*)

We also reject the argument Hillard makes in opposition to the motion to dismiss the appeal that the trial court had jurisdiction to modify the victim

6

restitution award under Penal Code section 1172.1. Hillard forfeited that argument by not mentioning section 1172.1 in his motion. (*People v. Graham* (2024) 102 Cal.App.5th 787, 798; *People v. Lowery* (2020) 43 Cal.App.5th 1046, 1054.) Even were we to construe the motion as based on section 1172.1, however, we would still have to dismiss the appeal for reasons we discuss below.

As pertinent to Hillard's argument, Penal Code section 1172.1 provides that a trial court "may, *on its own motion*, . . . at any time *if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law*, . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced." (*Id.*, subd. (a)(1), italics added.) Hillard contends the statute authorized the trial court to resentence him "on its own motion because years after [his] initial sentencing, the law changed regarding restitution in *Dueñas*; and th[e] statute does not require the trial court to refuse resentencing requests initiated by a defendant, and he requested resentencing." This argument fails for at least two reasons.

First, *Dueñas* did not change the law on victim restitution. The issue in that case was whether due process of law required a court to consider a defendant's ability to pay before imposing court-related assessments and a restitution fine. (*Dueñas, supra*, 30 Cal.App.5th at p. 1164.) The *Dueñas* court did not consider whether due process of law requires a court to consider a defendant's ability to pay before awarding victim restitution. "[C]ases are not authority for propositions not considered." (*People v. Casper* (2004) 33 Cal.4th 38, 43 (*Casper*).) Moreover, the California Supreme Court recently disapproved *Dueñas* to the extent it held that due process of law requires a court to hold a hearing on a defendant's ability to pay before imposing a

punitive fine. (*People v. Kopp* (2025) ___ Cal.5th ___, ___ [2025 WL 3755596 p. *9].) Before that, the Court of Appeal had "decline[d] to extend the rule of *Dueñas* to victim restitution" and held "a defendant's ability to pay victim restitution is not a proper factor to consider in setting a restitution award." (*People v. Evans* (2019) 39 Cal.App.5th 771, 777.) That holding is consistent with the victim restitution statute, which provides: "A defendant's inability to pay shall not be a consideration in determining the amount of a restitution order." (Pen. Code, § 1202.4, subd. (g).) Hillard has identified no "new statutory authority or case law" regarding the victim restitution component of his sentence. (Pen. Code, § 1172.1, subd. (a)(1).) "If no applicable laws have changed, the court may not act on its own motion." (*Faustinos, supra*, 109 Cal.App.5th at p. 697.)

Second, the trial court did not initiate any recall and resentencing process "on its own motion." (Pen. Code, § 1172.1, subd. (a)(1).) Hillard sought to modify his sentence by filing a motion. Section 1172.1 does not authorize a defendant to "seek[ ] relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." (*Id.*, subd. (c).) Because "[a] defendant is not entitled to file a section 1172.1 petition nor to receive a ruling if he nevertheless files one," "an appeal from an order acting on his petition (whether couched as a denial, dismissal, or any other statement that the court is not acting) does not affect the defendant's substantial rights." (*Faustinos, supra*, 109 Cal.App.5th at p. 696; accord, *People v. Brinson* (2025) 112 Cal.App.5th 1040, 1049 [defendant requesting relief under section 1172.1 "does not have a substantial right at stake, and the trial court's decision on that request is not appealable"]; *People v. Hodge* (2024) 107 Cal.App.5th 985, 996 ["If the defendant has no right to a decision, the trial court's choice not to make one

does not deprive the defendant of any right, much less a substantial one"].)
Thus, even if we deem Hillard's motion as a request that the trial court exercise jurisdiction under section 1172.1, the orders declining to do so did not affect his "substantial rights" and are not appealable. (Pen. Code, § 1237, subd. (b); *Brinson*, at p. 1047; *Hodge*, at p. 999.)

We are not persuaded by Hillard's argument that *Faustinos, supra*, 109 Cal.App.5th 687, and the other cases cited in the immediately preceding paragraph were "wrongly decided" and that *Loper, supra*, 60 Cal.4th 1155, and *People v. Carmony* (2004) 33 Cal.4th 367 support his position on appealability. *Loper* held a prisoner may appeal a postjudgment order denying compassionate release "when the proceeding is properly initiated by prison or parole authorities as required by law." (*Loper*, at p. 1158.) "*Loper* does not render the order here appealable, as no entity had begun an authorized postjudgment proceeding." (*Faustinos*, at p. 698.) *Carmony* was an appeal from a judgment of conviction about "what standard of review should be applied to the trial court's decision *not* to dismiss or strike a sentencing allegation under [Penal Code] section 1385 and whether, under this standard, the court erred in making this decision." (*Carmony*, at p. 371.) "*Carmony* did not concern appealability under section 1237, subdivision (b) and did not interpret what it means for a postjudgment order to affect a defendant's 'substantial rights' under that provision." (*People v. Roy* (2025) 110 Cal.App.5th 991, 1000.) "[C]ases are not authority for propositions not considered." (*Casper, supra*, 33 Cal.4th at p. 43.) Neither *Loper* nor *Carmony* supports the appealability of the trial court's orders. "For the reasons provided, there is no appealable order, and we must dismiss the appeal." (*Faustinos*, at p. 700; accord, *Roy*, at p. 994.)

## DISPOSITION

The appeal is dismissed without prejudice to filing a motion in the trial court to correct the abstract of judgment regarding vacation of the restitution fine.


IRION, J.

WE CONCUR:


O'ROURKE, Acting P. J.


BUCHANAN, J.