Filed 6/28/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B280646 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA194621) |
| v. | |
| DYLAN M. LITTLEFIELD, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Karla D. Kerlin, Judge. Dismissed.

Brad Kaiserman, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel, Jr. and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Dylan M. Littlefield moved under the doctrine of laches to vacate a victim restitution order approximately 16 years after that order was entered and after Littlefield served his sentence for forgery. The trial court found it did not have jurisdiction to entertain Littlefield's motion. We agree and dismiss his appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

Littlefield was charged with four counts of forgery.[1] (Pen. Code,[2] § 470, subd. (d).) He pled guilty to one count, and the remaining three counts were dismissed pursuant to a plea agreement. On January 5, 2000, the trial court sentenced Littlefield in accordance with the negotiated plea to the low term of 16 months. The trial court ordered Littlefield to pay victim restitution in the following amounts: $2,154 to Portobello, $1,350 to Wolfe Properties, and $3,000 to Group 3 Aviation. The trial court stayed a $200 restitution fine contingent upon Littlefield's paying the victim restitution.

On December 15, 2016, then no longer in custody, Littlefield moved then in propria persona to vacate the victim restitution order in his forgery case under the doctrine of laches. Littlefield asserted that on or about July 20, 2016, the Franchise Tax Board (FTB) sent him a court-ordered debt collection letter demanding payment of $8,416.94. He argued the failure "to make any efforts to collect this debt" by the FTB "or the state agency that has had actual custody of the defendant from January 2007 until June 26, 2015" foreclosed the FTB "from now seeking to enforce this judgment." Littlefield stated he had

---

[1] We do not address the facts underlying these forgery charges because they are not pertinent to the issues on appeal.

[2] Undesignated statutory citations are to the Penal Code.

2

suffered from cancer and only recently was able to begin working. Any effort to garnish his wages or attach his bank account thus would "be a significant hardship on [his] recovery and return to self-support." He also asserted that laches was his only remedy because "there is no codified method for vacating stale direct victim restitution orders."

On January 12, 2017, the trial court found it lacked jurisdiction to consider Littlefield's motion and referred Littlefield to "the civil courthouse in order to research remedies." In doing so, the trial court queried whether the demand letter was fraudulent because the amount demanded did not match the amount of restitution ordered in Littlefield's criminal case,[3] and it was not clear why the FTB was acting as a collection agency for Littlefield's forgery victims. On January 18, 2017, Littlefield filed this appeal.[4]

## DISCUSSION

### A. The Trial Court Did Not Have Jurisdiction To Vacate Littlefield's Victim Restitution Obligation

On appeal, Littlefield relies on *People v. Ford* (2015) 61 Cal.4th 282 (*Ford*) to argue, inter alia, that the trial court had "fundamental jurisdiction" to entertain his motion to vacate his criminal restitution order. He further argues under sections

---

[3] We observe that in his declaration attached to his motion to vacate, Littlefield refers to criminal restitution orders in two other cases, one in superior court and the other in the federal district court.

[4] On February 5, 2018, the People moved to dismiss this appeal; Littlefield filed his opposition on February 9, 2018. We deferred ruling on the motion.

3

1202.46 and 1214, the trial court had authority to consider his motion on the merits, principally relying on *People v. Turrin* (2009) 176 Cal.App.4th 1200 (*Turrin*) for this proposition. The Attorney General counters that these sections and *Turrin* provide no authority for a criminal defendant to evade a court-ordered criminal restitution obligation, and accordingly, we must dismiss the instant appeal.[5]

The issue before us is not whether a trial court lacks "fundamental jurisdiction" described by Justice Cuellar in *Ford* to mean "no authority at all over the subject matter or the parties, or when it lacks any power to hear or determine the case." (*Ford*, *supra*, 61 Cal.4th at p. 286.) Clearly, trial courts have subject matter jurisdiction over victim restitution orders, and the parties do not contend otherwise.

As Justice Cuellar further explained in *Ford*, jurisdiction has a second meaning: "Even when a court has fundamental jurisdiction, however, the Constitution, a statute, or relevant case law may constrain the court to act only in a particular manner, or subject to certain limitations." (*Ford*, *supra*, 61 Cal.4th at pp. 286-287.) It is this aspect of jurisdiction that is before us.

In *Turrin*, defendant sought to modify court-ordered restitution fines 10 months after judgment was entered and while he was serving his prison sentence on the theory that he was financially unable to pay those fines. The appellate court held the trial court did not have jurisdiction to entertain that motion and the appeal had to be dismissed. In doing so, it announced

---

[5] The Attorney General further argues that a laches defense may be asserted only in a suit in equity, and not in this criminal case. In light of our ruling, we do not address the merits of this contention.

4

general principles applicable here: " '[G]enerally a trial court lacks jurisdiction to resentence a criminal defendant after execution of sentence has begun.' " (*Turrin, supra,* 176 Cal.App.4th at p. 1204.)

The *Turrin* court acknowledged the following limited exceptions to that general principle: (1) when upon its own motion, pursuant to section 1170, subdivision (d), a court recalls a sentence within 120 days after committing a defendant to prison; (2) a court corrects "a clerical error, but not a judicial error, at any time" with clerical error defined as "one that is made in recording the judgment"; and (3) the court "at any time" corrects an unauthorized sentence. (*Turrin, supra,* 176 Cal.App.4th at pp. 1204-1205.) The appellate court described unauthorized sentences as those involving obvious legal error and capable of correcting without reference to factual findings in the record or remanding for further factual findings. (*Id*. at p. 1205.)[6] None of these exceptions applies here, and Littlefield does not appear to contend otherwise.

Littlefield argues that despite these well-established principles, the trial court had jurisdiction pursuant to sections 1202.46 and 1214 to vacate his criminal restitution order.

Section 1202.46 provides: "Notwithstanding Section 1170, when the economic losses of a victim cannot be ascertained at the time of sentencing pursuant to subdivision (f) of Section 1202.4, the court shall retain jurisdiction over a person subject to a

---

[6] Other courts have similarly held that the trial court loses jurisdiction to modify a sentence after execution of the sentence has begun. (*People v. Cabrera* (2018) 21 Cal.App.5th 470, 476; *People v. Scarbrough* (2015) 240 Cal.App.4th 916, 923; see *People v. Howard* (1997) 16 Cal.4th 1081, 1089.)

restitution order for purposes of imposing or modifying restitution until such time as the losses may be determined. This section does not prohibit a victim, the district attorney, or a court on its own motion from requesting correction, at any time, of a sentence when the sentence is invalid due to the omission of a restitution order or fine pursuant to Section 1202.4."

On its face, section 1202.46 does not apply to Littlefield's efforts to erase his criminal restitution obligation because the trial court set the amount of Littlefield's restitution obligation before Littlefield's sentencing hearing and imposed that restitution obligation at that hearing. Thus, there was no need to continue jurisdiction under section 1202.46 until "the losses may be determined." In addition, under section 1202.46, only a victim, the district attorney, or the court may move to correct a sentence that omits "a restitution order or fine pursuant to Section 1202.4." In contrast, here there was no such omission, let alone any right conferred on a defendant to eliminate an unsatisfied criminal restitution obligation.

Section 1214 does not rescue Littlefield either. That statute affords a victim the opportunity to enforce a restitution order "as if" it were "a civil judgment." (§ 1214, subd. (b).) "A victim shall have access to all resources available under the law to enforce the restitution order, including, but not limited to, access to the defendant's financial records, use of wage garnishment and lien procedures, information regarding the defendant's assets . . . ." (*Ibid*.) The statute merely enumerates tools available to a victim to enforce a criminal restitution obligation. The statute does not provide a basis for Littlefield to eschew that obligation.

6

Littlefield relies on *Turrin's* observation that "section 1202.46 provides that a court retains jurisdiction to impose or modify victim restitution." (*Turrin, supra,* 176 Cal.App.4th at p. 1208.) Littlefield takes that observation out of the context in which it arose.

There, the appellate court was interpreting section 1202.42, subdivision (d) regarding income deductions to pay restitution obligations,[7] and whether the term "restitution order" in the latter statute includes restitution fines. The appellate court held that it did not because that term should be read in pari materia with other statutes using the same term such as sections 1202.46 and 1214. (*Turrin, supra,* 176 Cal.App.4th at pp. 1207-1208.) Nothing in *Turrin* expanded the continuing jurisdiction described in those statutes to allow a criminal defendant to avoid his victim restitution obligation after he has served his sentence on the theory that the unsatisfied victim restitution obligation has become stale for lack of enforcement.[8]

---

[7] Section 1202.42, subdivision (d) provides, "[t]he income deduction order shall be effective so long as the order for restitution upon which it is based is effective or until further order of the court." There was no income deduction order in this case, and we fail to discern how section 1202.42, subdivision (d) otherwise aids Littlefield's cause.

[8] Littlefield contends because a court has "authority to impose restitution after the completion of a sentence under certain circumstances [set forth in section 1202.46]," it follows that "criminal courts similarly retain jurisdiction when a defendant wishes to challenge the enforcement of a restitution order after the completion of his sentence." This argument ignores the language of the cited statute.

7

Finally, contrary to Littlefield's argument, *Ford, supra*, 61 Cal.4th 282, does not command a different conclusion. In *Ford*, the defendant appealed from a victim restitution order entered in a felony hit and run case after his probation had expired one week earlier. Pursuant to a negotiated disposition providing for victim restitution, the trial court initially ordered defendant to pay the victim's medical expenses and pursuant to the victim's and defendant's requests, continued the restitution hearing several times to determine lost wages, and extended defendant's probationary term with defendant's consent. (*Id.* at pp. 286.) The trial court ultimately determined the amount of the victim's lost wages, but continued the restitution hearing at defendant's request to allow defendant to rebut the victim's information and to procure a defense witness's appearance. (*Ibid.*) This continued hearing postdated expiration of defendant's probation. (*Ibid.*)

Defendant asserted that the trial court had no authority to order further victim restitution after his probation expired. Although recognizing that "the expiration of a probationary period does not terminate a court's fundamental jurisdiction," the Supreme Court refused to decide "whether expiration of the probationary period rendered the trial court's award of restitution an act in *excess* of jurisdiction." (*Ford, supra*, 61 Cal.4th at p. 287.) Defendant was estopped from arguing lack of jurisdiction because "having obtained the benefit of his plea bargain and agreeing to continue the hearing to a date certain to present that rebuttal—defendant cannot be heard to complain that the trial court thereby lost jurisdiction when it set a hearing to consider his rebuttal on the agreed-upon date." (*Id.* at p. 289.)

8

Estopping a criminal defendant from avoiding his restitution obligation by seeking to postpone a continued restitution hearing as in *Ford* is not authority for Littlefield's efforts here to evade a valid and unsatisfied victim restitution order several years after he served his sentence. As our Supreme Court observed in *Ford*, applying estoppel there "further[ed] the objective of ensuring victims of crime receive the restitution they are due." (*Ford, supra*, 61 Cal.4th at p. 290.) In contrast, the relief Littlefield seeks here undermines that objective.

**B.     Absent Jurisdiction, The Order Denying Littlefield's Motion Is Non-Appealable And The Instant Appeal Must Be Dismissed**

Section 1237, subdivision (b) authorizes an appeal in a criminal case "[f]rom any order made after judgment, affecting the substantial rights of the party." Because the trial court lacked jurisdiction to vacate Littlefield's victim restitution order, the order denying Littlefield's motion to vacate that obligation did not affect Littlefield's substantial rights and was thus non-appealable. (*Turrin, supra*, 176 Cal.App.4th at p. 1208 [because trial court lacked jurisdiction to modify restitution fines, its "order denying defendant's motion requesting the same did not affect his substantial rights and is not an appealable postjudgment order"].) Accordingly, we dismiss Littlefield's appeal. (*Ibid.*; *People v. Dynes* (2018) 20 Cal.App.5th 523, 528 ["the court's order denying defendant's ex parte request for relief [under section 32] is not an appealable order, and we dismiss this appeal"]; *People v. Mendez* (2012) 209 Cal.App.4th 32, 34 [dismissing appeal from order denying motion to reduce restitution fine to the minimum provided by law filed years after execution of sentence had begun].)

9

## DISPOSITION

The appeal is dismissed.
<u>CERTIFIED FOR PUBLICATION.</u>


BENDIX, J.


We concur:



ROTHSCHILD, P. J.



CHANEY, J.