Filed 2/25/21  P. v. Saidy-Powell CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>LARHEA SHAVONNE SAIDY-POWELL,<br><br>     Defendant and Appellant. | B301649<br><br>Los Angeles County<br>Super. Ct. No. MA060557 |

APPEAL from an order of the Superior Court of Los Angeles County, Kathleen Blanchard, Judge.  Dismissed.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Lindsay Boyd, Deputy Attorneys General, for Plaintiff and Respondent.

Larhea Shavonne Saidy-Powell appeals from the trial court's order denying her "motion to strike or stay" a restitution fine of $300 imposed under Penal Code section 1202.4, subdivision (b)(1)[1] as well as $70 in court assessments. We conclude the order in question is nonappealable. We therefore dismiss the appeal.

## FACTS AND PROCEDURAL BACKGROUND

This is the second appeal in this case. In 2013 the People charged Saidy-Powell with forgery. She bench-warranted at arraignment and was arrested nearly three years later. When brought to court, Saidy-Powell reached a plea agreement with the People for probation. She was released from custody and ordered to return for sentencing about three weeks later. Saidy-Powell did not return and another bench warrant issued. She was arrested on this second warrant about three years later. (*People v. Saidy-Powell* (July 1, 2020, B296611) [nonpub. opn.] (*Saidy-Powell I*).)

The trial court sentenced Saidy-Powell on January 25, 2019. The court denied probation and imposed the midterm of two years. The court ordered Saidy-Powell to pay a restitution fine of $300, a court operations assessment of $40, and a conviction assessment of $30. Saidy-Powell did not object to the fine and assessments, assert any inability to pay them, or request a hearing on her ability to pay.

Saidy-Powell appealed from the January 2019 sentence. In her opening brief, filed on September 12, 2019, Saidy-Powell contended she should have been granted pretrial mental health diversion under section 1001.36 and her counsel was ineffective

---

[1] References to statutes are to the Penal Code.

2

for failing to request diversion at sentencing. Saidy-Powell did not challenge the restitution fine or court fees in her appeal.

On July 1, 2020, we affirmed Saidy-Powell's conviction. We found no error because "Saidy-Powell never raised mental health diversion in the trial court nor did she ask the court to permit her to withdraw her no-contest plea and participate in diversion." We also concluded Saidy-Powell's counsel was not constitutionally ineffective. Given Saidy-Powell's failures to appear and her AWOL status for nearly six years, we said we readily could imagine why she and her counsel opted for her to serve her time and be done rather than to undertake the rigorous requirements of a two-year diversion program (and still face up to three years in custody if she failed). Saidy-Powell completed her term and was released from custody in August 2019. (*Saidy-Powell I*.)

In the meantime, on September 17, 2019, Saidy-Powell filed in the trial court a pleading entitled "Motion to Strike or Stay Fines and Assessments (Pen. Code § 1237.2)." Citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), Saidy-Powell argued the due process clauses of the United States and California Constitutions required the trial court to conduct an ability-to-pay hearing to determine whether she had the ability to pay the fine and fees before imposing them. Saidy-Powell did not raise any challenge to the fine and fees under the Eighth Amendment.

On September 23, 2019, the trial court denied Saidy-Powell's motion. The court noted Saidy-Powell had been sentenced after the *Dueñas* opinion issued yet she did not object to the fine or fees at the time of sentencing. Thus, the court said, "she has forfeited these arguments." Saidy-Powell filed a notice of appeal from that ruling.

3

**DISCUSSION**

Generally, once a judgment has been rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence. If the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying that motion is not appealable, and any appeal from that order must be dismissed. (*People v. Jinkins* (2020) 58 Cal.App.5th 707, 709, 712-713 [dismissing appeal from denial of motion to modify restitution fine where execution of defendant's sentence began before he filed motion]. See also *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 134-135; *People v. Littlefield* (2018) 24 Cal.App.5th 1086, 1092.) There are exceptions to this general rule (*Jinkins*, at p. 712) but none applies here. The execution of Saidy-Powell's sentence began in January 2019, nearly eight months before she filed her motion in the trial court. Indeed, she already had served her sentence and been released. The trial court therefore lacked discretion to rule on Saidy-Powell's motion. Accordingly, we dismiss her appeal. (*Id*. at pp. 712-713.)

Even if the order were appealable, we would affirm the trial court's ruling. First, Saidy-Powell was sentenced after *Dueñas* was decided yet she did not object to the fine or fees, raise any inability to pay, or ask for a hearing. As the trial court noted, she therefore forfeited the issue. (*People v. Aguilar* (2015) 60 Cal.4th 862, 864 [failure to object to trial court fees precluded appellate challenge]; see generally *People v. Trujillo* (2015) 60 Cal.4th 850, 856 [constitutional right may be forfeited in criminal as well as civil cases by failure to make timely assertion of the right before tribunal having jurisdiction to determine it].)

Second, Saidy-Powell filed her opening brief in her appeal from the judgment of conviction more than eight months after *Dueñas* issued, yet she raised no challenge to the fine or fees.

4

For this independent reason, she has waived the issue. (*People v. Jordan* (2018) 21 Cal.App.5th 1136, 1139-1143 [defendant who appealed from judgment after suppression motion was denied waived right to file second appeal challenging imposition of penalty assessments on laboratory and program fees]; *People v. Senior* (1995) 33 Cal.App.4th 531, 535-538.) Saidy-Powell purported to base her "motion to strike or stay fines and assessments" on section 1237.2. That statute requires a defendant first to make a motion in the trial court to correct any error in fines or assessments before appealing the imposition or calculation of those fines or assessments. (§ 1237.2.) However, the statute expressly "only applies in cases where the erroneous imposition or calculation of fines [or] assessments . . . are the sole issue on appeal." (*Ibid.*; *Jordan*, at pp. 1140-1141.) Here, Saidy-Powell's appeal asserted the trial court should have granted her mental health diversion. She could have included her challenge to the fine and assessments with that contention in her first appeal. (*Jordan*, at pp. 1140-1143 [because defendant did not raise his challenges to penalty assessment in his original appeal, court "conclude[d] he cannot raise them now"].)

Finally, we reject Saidy-Powell's contention that she has not forfeited or waived her challenge to the restitution fine and court fees because, when she "mailed her motion" to the trial court on September 12, 2019, "no court had yet held that an Eighth Amendment argument was a viable alternative to the *People v. Dueñas* due process argument." Saidy-Powell notes *People v. Aviles* (2019) 39 Cal.App.5th 1055—which she says was "[t]he first case that applied the excessive fines analysis to de minimis fines and fees"—"was decided on September 13, 2019." She states "[t]he second case to apply" that analysis

5

was *People v. Cowan* (2020) 47 Cal.App.5th 32, review granted June 17, 2020, S261952, decided March 27, 2020.[2]

But the Eighth Amendment has been around for more than 200 years. Moreover, the *Dueñas* court noted that amicus, the Los Angeles County Public Defender, argued the imposition of the restitution fine without an ability-to-pay determination "also violates the bans on excessive fines in the United States and California Constitutions." (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1171, fn. 8.) The *Dueñas* court observed "[t]he due process and excessive fines analyses [were] sufficiently similar" that it " 'ma[de] no difference' " which constitutional provision the court chose. (*Ibid*.) In short, *Dueñas* itself noted the Eighth Amendment could provide a separate and independent ground to challenge the restitution fine and court fees.

---

[2] The *Aviles* court held that "*Dueñas* was wrongly decided, and that a constitutional challenge to the imposition of fines, fees, and assessments should be based on the excessive fines clause of the Eighth Amendment instead of the due process rationale utilized in *Dueñas*." (*People v. Aviles*, *supra*, 39 Cal.App.5th at p. 1060.) The *Cowan* court also "ground[ed] [its] ability-to-pay holding on an excessive fines analysis under the Eighth Amendment and under article I, section 17 of the California Constitution, rather than the due process analysis *Dueñas* rests upon." (*People v. Cowan*, *supra*, 47 Cal.App.5th at p. 35.) The Attorney General agrees with those courts that "the proper analytic[al] framework for the restitution fine is that of the excessive fines clause of the Eighth Amendment." Our Supreme Court is currently considering whether a trial court must evaluate a defendant's ability to pay before imposing or executing fines, fees, and assessments. (*People v. Kopp*, review granted Nov. 13, 2019, S257844.)

## DISPOSITION

We dismiss Larhea Shavonne Saidy-Powell's appeal from the trial court's order denying her "Motion to Strike or Stay Fines and Assessments."

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

EGERTON, J.

We concur:

LAVIN, Acting P. J.

DHANIDINA, J.

7