Filed 6/9/22  P. v. Lopez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>VICTOR LOPEZ,<br><br>    Defendant and Appellant. | F083270<br><br>(Super. Ct. No. 1064916)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Stanislaus County.  Ricardo Cordova, Judge.

David Y. Stanley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P. J., Poochigian, J. and Snauffer, J.

Defendant Victor Lopez was convicted of first degree murder in 2007. He was sentenced to 25 years to life in prison and ordered to pay $5,187.44 in direct victim restitution and a $10,000 restitution fine. In 2021, approximately 14 years after his conviction, he filed a motion, in propria persona, "to strike or modify court ordered restitution, fees, or fines." (Capitalization omitted.) The trial court understood the motion to challenge imposition of defendant's direct victim restitution order and denied defendant's motion for multiple reasons, including that it lacked the jurisdiction to hear the motion. Defendant contends the trial court erred in failing to construe his motion as a challenge to the restitution fine (rather than merely direct victim restitution) and failing to reach the merits of that portion of his motion. The People disagree, arguing that the trial court lacked jurisdiction to hear defendant's motion, even insofar as it challenged restitution fines. We dismiss defendant's appeal.

## PROCEDURAL SUMMARY

On February 8, 2007, the Stanislaus County District Attorney filed an amended information charging defendant with the premeditated murder of Eric Adorno (Pen. Code,[1] § 187, subd. (a); count 1). The amended information further alleged that defendant committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)) and personally discharged a firearm causing death (§ 12022.53, subd. (d)).

On June 7, 2007, the jury found defendant guilty on count 1 and found true that defendant committed the offense for the benefit of a criminal street gang. The jury found that defendant did not personally discharge a firearm causing death.

On July 10, 2007, the trial court sentenced defendant to 25 years to life in prison, and imposed $5,187.44 in direct victim restitution (§ 1202.4, subd. (f)) and a $10,000 restitution fine (§ 1202.4, subd. (b)).

---

[1] All further statutory references are to the Penal Code.

2.

On November 24, 2008, this court conditionally reversed the judgment with directions to make additional findings. (*People v. Lopez* (2008) 168 Cal.App.4th 801, 816.) On April 27, 2009, the trial court made additional findings and reinstated the judgment.

On August 17, 2021, defendant filed a "motion to strike or modify court ordered restitution, fees, or fines." (Capitalization omitted.) On the same date, the trial court denied defendant's motion in a written order.

## DISCUSSION[2]

Defendant's motion broadly challenged imposition of "fees, fines, and restitution." It also requested that the trial court strike or modify "his [r]estitution in the amount of $10,000." Defendant acknowledges that his motion was "not a model of clarity because it appears to be taken from a boilerplate, omnibus-type pleading attacking fines and fees," but nevertheless argues that the trial court erred in failing to construe his motion as a challenge to the $10,000 restitution *fine*, and not just the direct victim restitution, which was imposed in the amount of $5,187.44. He contends that the matter must be remanded for the trial court to consider whether it should modify the restitution fine. The People respond that the trial court lacked jurisdiction to hear defendant's motion insofar as it challenged or sought modification of the restitution fine, and we must therefore dismiss defendant's appeal.[3] We agree with the People.

In *People v. Turrin* (2009) 176 Cal.App.4th 1200 (*Turrin*), the Court of Appeal considered whether the trial court had jurisdiction to entertain a motion to modify restitution fines (imposed in three cases) made after the time to appeal from the

---

[2]  Because defendant raises only legal issues on appeal, a factual summary is omitted.

[3]  Defendant does not challenge the trial court's determination that it was without jurisdiction to modify the *direct victim restitution* order. The trial court correctly noted that a trial court lacks jurisdiction to modify a restitution order at a defendant's request after execution of the sentence. (*People v. Littlefield* (2018) 24 Cal.App.5th 1086.)

judgments had passed and after the defendant had commenced serving his aggregate prison term. (*Id*. at p. 1203.) The trial court denied the motion without prejudice, and the defendant appealed. The Court of Appeal dismissed the appeal. (*Id*. at p. 1208.) The court noted that generally a trial court lacks jurisdiction to resentence a criminal defendant after execution of the sentence has begun. (*Id*. at p. 1204.) There are few exceptions, and none applied. (*Id*. at pp. 1204–1206.) Specifically, the trial court had not been asked to correct a "clerical" error, nor was the sentence "unauthorized" and therefore correctable at any time. (*Id*. at p. 1205.) As the appellate court explained, " '[t]he unauthorized sentence exception is "a narrow exception" to the waiver doctrine that normally applies where the sentence "could not lawfully be imposed under any circumstance in the particular case," for example, "where the court violates mandatory provisions governing the length of confinement." [Citations.] The class of nonwaivable claims includes "obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings." ' " (*Ibid*.) Whether the restitution fine could be lawfully imposed, of course, involved factual issues and did not present a "pure question of law." (*Turrin*, at p. 1207.) Accordingly, there was no basis upon which the trial court could have acted.

The trial court's order denying relief in *Turrin* therefore "did not affect [the defendant's] substantial rights and [was] not an appealable postjudgment order." (*Turrin*, *supra*, 176 Cal.App.4th at p. 1208.) As a consequence, no right to appeal was granted pursuant to section 1237, subdivision (b) or any other statute. (§ 1237, subd. (b) [granting a right to appeal "[f]rom any order made after judgment, affecting the substantial rights of the party"]); *Turrin*, at p. 1208.) The Court of Appeal therefore lacked appellate jurisdiction and was required to dismiss the appeal. (*Turrin*, at p. 1208; accord, *People v. Jinkins* (2020) 58 Cal.App.5th 707, 712–713 [no appellate jurisdiction over defendant's appeal from an order denying a motion to reduce restitution fine made after he commenced serving prison sentence].)

4.

The same result as to defendant's appeal of the order denying his motion is indicated here. The trial court was without jurisdiction to hear defendant's motion even if it should have been construed as a motion to strike or modify the restitution fine. Because the trial court lacked jurisdiction to hear a motion to strike or modify a restitution fine, even assuming the trial court should have construed defendant's motion as including a request to strike or modify the restitution fine, such a failure did not affect defendant's substantial rights. (§ 1237, subd. (b).) For that reason, we dismiss defendant's appeal.

## **DISPOSITION**

Defendant's appeal is dismissed.