Filed 11/5/24  P. v. Newell CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GARY TIMOTHY NEWELL,<br><br>    Defendant and Appellant. | H052377<br>(Santa Clara County<br> Super. Ct. No. CC947978) |

Gary Timothy Newell appeals a post-judgment order denying his petition for resentencing under Penal Code section 1172.75.  (Subsequent undesignated statutory references are to the Penal Code.)  Newell's appointed appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) asking the court to independently review the record.  In addition, Newell filed a supplemental brief asserting that he is eligible for relief under section 1172.75 and entitled to an evidentiary hearing.  As explained below, because Newell has not been identified as someone serving a now-invalid prison prior enhancement, the trial court lacked jurisdiction to recall Newell's sentence and resentence him under section 1172.75.  We therefore dismiss the appeal.

## I. Background

In July 2010, Newell was convicted of a single crime: assault with a deadly weapon other than a firearm (a knife) under section 245, subdivision (a)(1). The court found that Newell had two prior "strike" convictions. Finally, the jury found true three sentencing enhancement allegations: (1) Newell personally inflicted great bodily injury on the victim under section 12022.7, (2) Newell was on bail at the time of the offense under section 12022.1, and (3) he had a prior conviction for a serious felony under section 667, subdivision (a). After denying a motion under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 to strike the prior strike convictions, the trial court sentenced Newell under the "Three Strikes" law to 25 years to life in prison on the assault conviction, consecutive to a total of 10 years in prison on the enhancements. On appeal, Newell's conviction and sentence were affirmed. (*People v. Newell* (July 31, 2012, H036587) [unpub. opn.].)

In April 2024, Newell filed a petition for resentencing under section 1172.75, asserting that the enhancements in his sentence were not for sexually violent offenses. The trial court denied the petition because the enhancements in Newell's sentence were not for prison priors under section 667.5, subdivision (b) and therefore did not trigger relief under section 1172.75. Newell filed a timely notice of appeal.

Counsel was appointed to represent Newell and pursuant to *Delgadillo* and *Wende* filed a brief raising no arguable issues but asking this court to conduct an independent review of the record. The court notified Newell that he could submit a supplemental brief on his own behalf, which Newell did.

## II. Discussion

We conclude that the trial court lacked jurisdiction to consider Newell's petition for resentencing. As a general rule, " 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' " (*People v. King* (2022) 77 Cal.App.5th 629, 634.) Section 1172.75 creates

2

an exception to this rule, allowing for recall of sentences and full resentencing.  However, this exception applies only to individuals serving sentences containing now-invalid prison prior enhancements.  In addition, an individual seeking resentencing under this exception must be identified by the Secretary of the Department of Corrections and Rehabilitation (CDCR) or a county correctional administrator as serving a sentence based on a now-invalid prison prior.  Newell does not satisfy either requirement.

Section 667.5 imposes enhancements on individuals who commit crimes after serving sentences for felony convictions, or "prison priors."  When first enacted, section 667.5, subdivision (b) required enhancements of one-year where prior prison sentences were imposed for any felony, unless the defendant had remained free of custody for at least five years after completing the sentence.  (Stats. 1976, ch. 1139, § 268; see also Stats. 2011, ch. 15, § 443 [extending section 667.5, subd. (b) to include sentences of imprisonment in a county jail for more than one year].)  In 2019, the Legislature significantly restricted prison prior enhancements, amending section 667.5, subdivision (b) to eliminate prison priors for all crimes besides sexually violent offenses. (Stats. 2019, ch. 590, § 1.)  Two years later, in 2021, the Legislature enacted what is now section 1172.75 (Stats. 2021, ch. 728, § 3; see also Stats. 2022, ch. 58, § 12 [moving amendment to section 1172.75]), which made the 2019 restriction on prison priors retroactive by rendering invalid any prison prior that was imposed before January 1, 2020 and not for a sexually violent offense.  (§ 1172.75, subd. (a).)

Section 1172.75 also authorizes trial courts to recall sentences containing now-invalid prison priors and to conduct resentencing.  Such resentencing must apply any changes in the law reducing sentences or providing judicial discretion.  (§ 1172.75, subd. (d)(2).)  In addition, section 1172.75 requires that resentencing under the section result in a "lesser sentence" unless a lesser sentence would endanger public safety. (§ 1172.75, subd. (d)(1).)

3

However, section 1172.75 "does not contemplate resentencing relief initiated by any individual defendant's petition or motion." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 384 (*Burgess*).)  Instead, the section requires the CDCR and county correctional administrators to "identify those persons in their custody currently serving a term for a judgment that includes [a now-invalid] enhancement described in subdivision (a)." (§ 1172.75, subd. (b).)  The CDCR and county correctional administrators send this information to the sentencing court (*ibid.*), which is required to "verify that the current judgment includes a sentencing enhancement described in subdivision (a)." (§ 1172.75, subd. (c).)  If the sentencing court verifies that the judgment against an inmate contains a now-invalid prison prior, the court must "recall the sentence and resentence the defendant." (*Ibid*.)

As the trial court recognized, Newell is not entitled to resentencing under section 1172.75.  First, nothing in the record indicates that the CDCR identified Newell as an individual currently serving a sentence for a judgment that includes a now-invalid prison prior.  Second, even if the CDCR had identified Newell as such an individual, the trial court could not have verified that identification because Newell's judgment does not contain a prison prior enhancement under section 667.5, subdivision (b).  Pursuant to the jury's verdict and findings, and the findings of the court, the trial court imposed sentencing enhancements under section 12022.1 for a felony committed while released on bail for a felony, under section 12022.7 for inflicting great bodily injury in committing a felony, and under section 667, subdivision (a) for a prior conviction of a violent felony— not any sentencing enhancement under section 667*.5, subdivision* (*b*) for having served a prior sentence for *any* felony without remaining free of custody for at least five years after completing the sentence.  Section 667.5 was mentioned during sentencing, but it was mentioned in sentencing under the Three Strikes law for his assault conviction, not in imposing a sentencing enhancement.  In addition, the mention apparently concerned the definition of violent felony in section 667.5, subdivision (c), not a prison prior

4

enhancement under section 667.5, subdivision (b).  Thus, there is no sentencing enhancement for a now-invalid prison prior authorizing resentencing under section 1172.75.

Because section 1172.75 does not authorize resentencing in this case, "[t]he trial court lacked jurisdiction to adjudicate [Newell's] motion for resentencing, and we lack jurisdiction over his appeal from the motion's denial."  (*Burgess*, *supra*, 86 Cal.App.5th at p. 382; see also *People v. Littlefield* (2018) 24 Cal.App.5th 1086, 1092 [where a trial court lacked jurisdiction to grant a petition, denial of the petition does not affect a defendant's substantial rights and is not appealable under section 1237, subdivision (b)].)  We therefore must dismiss this appeal.  (*Burgess*, *supra*, at p. 385.)

### III.  DISPOSITION

The appeal is dismissed.

_____
BROMBERG, J.

WE CONCUR:


_____
BAMATTRE-MANOUKIAN, ACTING P. J.



_____
LIE, J.




*People v. Newell*
H052377