Filed 12/4/24  P. v. Freel CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>BRIAN C. FREEL,<br><br>    Defendant and Respondent. | 2d Crim. No. B330171<br>(Super. Ct. No. 1450158)<br>(Santa Barbara County) |

The Santa Barbara County District Attorney appeals from a postjudgment order denying his request for reconsideration of an interim order reducing by nearly $500,000 the amount of victim restitution owed by Brian C. Freel.  The district attorney contends: (1) the trial court lacked jurisdiction to modify the restitution order because it did so after Freel had completed his state prison sentence, and (2) the reduction was not supported by substantial evidence.  We agree with the district attorney's first contention, and reverse.  We do not resolve his second contention.

## FACTUAL AND PROCEDURAL HISTORY

In December 2014, Freel pleaded no contest to second degree commercial burglary (Pen. Code,[1] §§ 459, 460, subd. (b)), possession of a firearm by a felon (§ 29800, subd. (a)(1)), possession of a controlled substance for sale (Health & Saf. Code, § 11378), and possession of burglary tools (§ 466), and admitted allegations that he took property valued in excess of $65,000 and $200,000 during the burglary (former § 12022.6, subd. (a)(1) & (a)(2)).  He also admitted that he had violated his probation in a previous case.  The following March, the trial court sentenced Freel to six years four months in state prison, and ordered him to pay $502,376 in victim restitution.  Freel did not appeal from the judgment.

After Freel completed his sentence, the court placed the matter on calendar because it "had heard [that] Mr. Freel . . . was of the view that the restitution matter was not properly handled."  At a subsequent hearing, the court stated its belief that "the weight of the evidence doesn't support the [$]500,000 in restitution."  In an April 2021 order, the court granted Freel's motion to modify the 2015 restitution order and reduced victim restitution to $2,500.  The order specified that the court would "retain jurisdiction to hold a further hearing to adjust the restitution award (if appropriate)."

In August 2022, the district attorney moved the trial court to reconsider the order modifying restitution.  The court declined to do so at a November hearing.

The district attorney moved for reconsideration of the restitution modification order again in April 2023.  The court

---

[1] Unlabeled statutory references are to the Penal Code.

2

summarily denied the motion the following month.  The district attorney appeals from the denial of that motion.

DISCUSSION

The district attorney contends the trial court lacked jurisdiction to modify the restitution order because it did so after Freel had completed his state prison sentence.  We agree.  Absent exceptions not relevant here, " ' "a trial court lacks jurisdiction to resentence a criminal defendant after execution of sentence has begun" ' " (*People v. Littlefield* (2018) 24 Cal.App.5th 1086, 1089 (*Littlefield*)), including by adjusting the amount of victim restitution owed (*id.* at pp. 1089-1092).  If Freel believed the original restitution order required him to pay for damages for which he was not responsible, he could have challenged the order on direct appeal.  He did not do so.

Freel's attempt to distinguish *Littlefield* is not persuasive.  The *Littlefield* defendant claimed that restitution should be reduced because the state had not attempted to collect it for more than 15 years.  (*Littlefield*, *supra*, 24 Cal.App.5th at p. 1088.)  Here, in contrast, the trial court determined that the original restitution order required Freel to pay for damages for which he was not responsible.

This distinction does not undermine *Littlefield*'s holding: that absent an applicable exception, a court cannot resentence a defendant after their sentence begins.  (*Littlefield*, *supra*, 24 Cal.App.5th at p. 1089.)  One exception is that a court may recall a sentence within 120 days of the defendant's prison commitment.  (*Id.* at pp. 1089-1090.)  A second is that a court may correct a clerical error when brought to its attention.  (*Id.* at p. 1090.)  Neither of those exceptions applies here.

3

The third exception permits a court to correct an unauthorized sentence at any time. (*Littlefield, supra*, 24 Cal.App.5th at p. 1090.) But such a sentence "involv[es] obvious legal error and [is] capable of correcting without reference to factual findings in the record or remanding for further factual findings." (*Ibid*.) That is not the case here: Lowering the amount of victim restitution by $500,000 would necessitate additional factual findings.

Alternatively, Freel argues the district attorney's challenge is untimely because he appealed from the trial court's May 2023 order denying his motion for reconsideration rather than the April 2021 order reducing restitution. We are not persuaded. The April 2021 restitution order was interim because the court said it "retain[ed] jurisdiction" to adjust the restitution award. (*People v. DeLouize* (2004) 32 Cal.4th 1223, 1231-1233.) And while the general rule is that no appeal lies from the denial of a motion for reconsideration (see, e.g., *Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1576-1577), that rule is inapplicable here because the reconsideration motion denied in May 2023 was the court's final order on the restitution matter. Because the denial of restitution affects a substantial right of the People (§ 1238, subd. (a)(5); *People v. Hamilton* (2003) 114 Cal.App.4th 932, 938), an appeal lies.

Finally, Freel argues the district attorney's appeal is barred by the doctrine of laches. Laches does not apply in criminal restitution proceedings. (*People v. Harvest* (2000) 84 Cal.App.4th 641, 652.)

DISPOSITION

The May 10, 2023, order denying the Santa Barbara County District Attorney's motion for reconsideration of the April

4

26, 2021, order reducing Brian C. Freel's obligation for victim restitution is reversed, and the matter is remanded to the trial court with directions to grant the district attorney's motion, vacate the 2021 order, and dismiss Freel's motion to modify the 2015 restitution order.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:


YEGAN, Acting P. J.


CODY, J.


5

Brian E. Hill, Judge

Superior Court County of Santa Barbara

_____

John T. Savrnoch, District Attorney, and Marguerite Clipper Charles, Deputy District Attorney, for Plaintiff and Appellant.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Respondent.