Filed 2/3/25  P. v. Jordan CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. RONALD JORDAN, Defendant and Appellant. | G063160 (Super. Ct. No. 11HF2340) O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Steven D. Bromberg, Judge. Dismissed.

Elizabeth Campbell, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

A jury convicted defendant Ronald Jordan of four counts of second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c)),[1] two counts of assault with a firearm (§ 245, subd. (a)(2)), and one count of conspiracy to commit robbery (§ 182, subd. (a)(1)). The jury found true allegations that defendant personally used a firearm in connection with the robbery and assault counts. (§§ 12022.53, subd. (b), 12022.5, subd. (a).) In a bifurcated proceeding, the court convicted defendant of possession of a firearm by a felon. (Former § 12021, subd. (a)(1).) The court also found true all prior conviction allegations against defendant, including a federal conviction for bank robbery that served as a prior strike (§§ 667, subds. (a)(1), (d), (e)(1), 667.5, subd. (c)(9), 1170.12, subds. (b), (c)(1), 1192.7, subd. (c)(19)), and two prison priors (§ 667.5, subd. (b)). The court sentenced defendant to 43 years in prison.

In a prior opinion, we affirmed the judgment. (*People v. Jordan* (Oct. 23, 2014, G049462) [nonpub. opn.] (*Jordan I*).) In a separate appeal, we affirmed a post-judgment restitution order of $49,265.25 to Bank of America arising from the armed robbery. (*People v. Jordan* (Oct. 23, 2014, G049754) [nonpub. opn.] (*Jordan II*).

The present appeal concerns that restitution order. In May 2023, Jordan, acting in propria persona, filed a motion to modify and stay restitution fines imposed on him in excess of $200.00 as violative of the Eighth Amendment Cruel and Unusual Punishment clause, citing *People v. Kopp* (2019) 38 Cal.App.5th 47, 95-96 (*Kopp*). In *Kopp*, the court "to some extent" followed *People v. Duenas* (2019) 30 Cal.App.5th 1157 in requiring the

---

[1] All statutory references are to the Penal Code unless stated otherwise.

2

court to conduct an ability to pay hearing, upon defendant's request, before imposing a court facilities and court operations assessment. However, *Kopp* stopped short of requiring such a hearing with regard to restitution fines. (*Kopp*, at p. 96.) Moreover, *Kopp* did not involve a motion to modify a restitution order filed long after execution of the sentence.

In a written opposition to the motion, the prosecutor argued that the court lacked jurisdiction to modify the restitution order. The prosecutor relied on *People v. Turrin* (2009) 176 Cal.App.4th 1200 (*Turrin*), which was on point. In *Turrin*, the court held that once a defendant's sentence has been executed, the court loses jurisdiction to modify the sentence, including the restitution fines. (*Id.* at pp. 1205-1206.) This is consistent with the notion that a restitution fine is punitive in nature—i.e., part of the punishment. (*Kopp, supra,* 38 Cal.App.5th at p. 96.) Although *Turrin* dealt with a restitution fine rather than victim restitution, in *People v. Littlefield* (2018) 24 Cal.App.5th 1086 the court extended the same rationale to victim restitution.

The trial court agreed it lacked jurisdiction and denied the motion. Jordan appealed. We appointed counsel to represent Jordan on appeal. Counsel filed a brief which set forth the facts and procedural history of the case. Counsel did not argue against Jordan, but advised the court no issues were found to argue on his behalf. (See *People v. Wende* (1979) 25 Cal.3d 436.) Jordan was given 30 days to file written argument on his own behalf. We received supplemental brief by Jordan.

We have reviewed the entire appellate record, including the supplemental brief, and conducted an independent analysis of the court's findings and order. We concur with Jordan's appointed counsel. There is no issue to argue on his behalf.

*Turrin* and *Littlefield* establish that the court lacked jurisdiction to modify the restitution order. Accordingly, there was no error in denying Jordan's motion.

"Section 1237, subdivision (b), provides that a defendant may appeal '[f]rom any order made after judgment, affecting the substantial rights of the party.' Since the trial court lacked jurisdiction to modify the restitution fines, its order denying defendant's motion requesting the same did not affect his substantial rights and is not an appealable postjudgment order. [Citation.]  The appeal should be dismissed." (*Turrin, supra,* 176 Cal.App.4th 1200, 1208.)

## DISPOSITION

The appeal is dismissed.

SANCHEZ, J.

WE CONCUR:

O'LEARY, P. J.

MOORE, J.

4