Filed 2/13/26  P. v. Green CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EARL ELLIS GREEN,<br><br>    Defendant and Appellant. | E084337<br><br>(Super.Ct.No. RIF10005956)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.  Affirmed.

Cindi B. Mishkin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, James William Bilderback II, Assistant Attorney General, Holly D. Wilkens, Alan L. Amann, and Meredith S. White, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Earl Ellis Green's automatic appeal of his capital judgment is before our Supreme Court. Meanwhile, the California Department of Corrections and Rehabilitation (CDCR) identified him as eligible for resentencing under Penal Code section 1172.75.[1] At a resentencing hearing, the trial court found it lacked jurisdiction to modify Green's sentence while his direct appeal remained before the Supreme Court.

In this appeal, Green argues: (1) the trial court erred in finding it lacked jurisdiction to rule on his resentencing petition; (2) he is entitled to resentencing under section 1172.75 because six section 667.5, subdivision (b) enhancements were imposed and stayed as part of his sentence; (3) the trial court erred by holding a hearing on his petition without his presence or a valid waiver of his presence; and (4) he received ineffective assistance from his counsel, who conceded the trial court lacked jurisdiction to decide the resentencing motion and did not object to proceeding with the resentencing hearing in Green's absence. We affirm.

FACTS

In 2012, a jury found Green guilty of several crimes, including capital murder, and returned a verdict of death. The trial court imposed the death sentence for the murder as well as a prison term for the other offenses and enhancements. The judgment included six imposed and stayed section 667.5, subdivision (b) enhancements for prior prison terms.

---

[1] Undesignated statutory references are to the Penal Code.

Green's judgment is pending before our Supreme Court on automatic appeal in case No. S203655.  Initial briefing in the Supreme Court was completed January 2, 2020, but recently the court ordered supplemental briefing regarding "any changes in the law (including any ameliorative statute) since the filing of the reply brief" that Green contends are "relevant" to the appeal.[2]

In June 2022, CDCR identified Green as an inmate whose judgment includes an enhancement under section 667.5, subdivision (b).  (See § 1172.75, subd. (b).)  Green was appointed counsel.

After several rounds of briefing and several continuances, the trial court held a hearing on May 24, 2024.  Green was not present.  Green's counsel told the court:  "My understanding, Your Honor, is that Mr. Green . . . has a direct appeal on a death penalty case pending.  Because of that I do not believe this court has jurisdiction to handle a resentencing motion while it is on direct appeal."  The People agreed.  The court also agreed and denied Green section 1172.75 relief, stating that "the court does not have jurisdiction while [his capital judgment] is on direct appeal."

## DISCUSSION

In *People v. Millsap* (2025) 114 Cal.App.5th 368 (*Millsap*), our colleagues in the Second District Court of Appeal considered and rejected many arguments Green raises

---

[2]  *People v. Green*, S203655, Register of Actions (available at https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2018312&doc_no=S203655&request_token=NiIwLSEnTkg%2FW1BNSCJNSEJJQFA0UDxTIyIuXz9SICAgCg%3D%3D) (last checked Feb. 5, 2026).

here.[3]  We agree with *Millsap*'s reasoning and its conclusion that our Supreme Court's exclusive jurisdiction precludes a trial court from resentencing a defendant under section 1172.75 while the direct appeal of the defendant's capital judgment is pending.[4]  We therefore affirm the trial court's order denying Green's petition for lack of subject matter jurisdiction.[5]

"Issues of jurisdiction based upon undisputed facts present legal issues we review de novo."  (*Millsap*, *supra*, 114 Cal.App.5th at p. 375.)

---

[3]  *Millsap* was issued after initial briefing in this appeal was completed.  We invited the parties to submit supplemental briefs, which they did.

[4]  A recent court of appeal case held that *after* a death sentence is affirmed by our Supreme Court, the trial court could recall the "noncapital portions" of the defendant's sentence and resentence him in that limited respect per section 1172.75, but the court could not recall the death sentence.  (See *People v. Cain* (2025) 116 Cal.App.5th 917, 922.)  We do not consider whether that conclusion is correct.

[5]  The People raise an argument not considered in *Millsap*, that the trial court's order finding it lacked subject matter jurisdiction is not an appealable order, so we should dismiss defendant's appeal for lack of appellate jurisdiction instead of affirming.  This argument misapplies our Supreme Court's holding in *People v. Totari* (2002) 28 Cal.4th 876 (*Totari*).  Here, like the defendant in *Totari*, Green appeals from the denial of a "*statutory* postjudgment motion to vacate" as distinguished from "a *nonstatutory* postjudgment motion to vacate."  (*Id.* at p. 886.)  The trial court's order therefore "is an appealable order under section 1237, subdivision (b)."  (*Id.* at p. 887; see *id*. at pp. 886-887 ["Once the Legislature has determined that a [defendant] has a substantial right . . . and affords defendant a means to obtain to relief by way of a *statutory* postjudgment motion . . . a denial order qualifies as an 'order made after judgment, affecting the substantial rights of the party' (§ 1237, subd. (b))."]; accord *People v. Chavez* (2018) 4 Cal.5th 771, 789 [affirming, rather than dismissing, after finding that trial court "did not have jurisdiction" under section 1385 to consider dismissal request made after defendant completed probation].)  We conclude affirmance of the trial court's correct jurisdictional finding, rather than dismissal of the appeal, is the appropriate disposition here.

4

"In general, 'an appeal from an order in a criminal case removes the subject matter of that order from the jurisdiction of the trial court.'"  (*People v. Superior Court* (2024) 17 Cal.5th 228, 253.)  Like the defendant in *Millsap*, Green views section 1172.75 as a statutory exception to the general rule that filing an appeal divests the trial court of subject matter jurisdiction.  (See *Millsap*, *supra*, 114 Cal.App.5th at p. 377.)  Relying on *People v. Velasco* (2023) 97 Cal.App.5th 663 (*Velasco*), Green argues the "language and structure" of section 1172.75 "provides for continued jurisdiction in the trial courts to resentence defendants consistent with its terms."

We agree with *Millsap* that *Velasco* "does not control the outcome of this case." (*Millsap*, *supra*, 114 Cal.App.5th at p. 377.)  *Velasco* held that the trial court retained jurisdiction to resentence the defendant under section 1172.75 while the case was on appeal from a previous postjudgment resentencing order.  (*Velasco*, *supra*, 97 Cal.App.5th at pp. 672-673.)

*Velasco*, however, was not a capital case.  "'"Capital cases are different."  They are exclusively within our [Supreme Court's] appellate jurisdiction.'"  (*Millsap*, *supra*, 114 Cal.App.5th at p. 378.)  "It is not only the death sentence, but also all capital and noncapital convictions and the sentences imposed within the judgment, that fall under the jurisdiction of the Supreme Court."  (*Ibid*.)  Thus, the trial court resentencing Green in the "holistic" manner required by section 1172.75 would necessarily interfere with the Supreme Court's appellate jurisdiction, so the trial court is "precluded" from doing so. (*Millsap*, at pp. 380, 383.)  "To the extent the Legislature vested concurrent section

5

1172.75 resentencing jurisdiction pending appeal, that jurisdiction does not extend to a capital judgment on direct appeal." (*Id.* at p. 383.)

*Millsap* rejects the approach taken in *People v. Dixon* (2025) 112 Cal.App.5th 236, review granted, October 22, 2025, S292223 (*Dixon*), another opinion that was issued after the briefing here. In *Dixon*, the Court of Appeal concluded the trial court had jurisdiction to resentence Dixon "on the noncapital portions of his sentence but not on the death sentence," found section 1172.75 applied to Dixon's enhancements under former section 667.5, subdivision (b), and remanded for the superior court to "strike the prior prison term enhancements and conduct a resentencing hearing on the nondeath portions of Dixon's sentence." (*Dixon*, at p. 240.) "However, the issue of the Supreme Court's exclusive jurisdiction over capital appeals was not raised" by the parties in *Dixon*, and the opinion "did not address whether the judgment over which the Supreme Court has exclusive jurisdiction can be divided for partial resentencing." (*Millsap*, *supra*, 114 Cal.App.5th at p. 383.) *Millsap* concludes, and we agree, that "the capital judgment over which the Supreme Court has exclusive jurisdiction is indivisible and includes convictions and sentences for noncapital as well as capital offenses." (*Ibid.*) On that basis, *Millsap* affirmed the trial court's postjudgment order. (*Id.* at p. 384.) We will do the same.

Green also argues the trial court committed prejudicial error by infringing on his federal and state constitutional rights to be present at the resentencing hearing. We agree with *Millsap*'s analysis of the same issue: "Assuming without deciding that defendant's

6

federal and state constitutional rights were violated . . . we discern no prejudice under either [*Chapman v. California* (1967) 386 U.S. 18, 23] or [*People v. Watson* (1956) 46 Cal.2d 818, 836]. As discussed, the court correctly found it lacked the right or jurisdiction to conduct resentencing. On these facts, defendant's absence from the hearings 'did not affect the outcome of the proceeding[s]' beyond a reasonable doubt." (*Millsap*, *supra*, 114 Cal.App.5th at p. 384.)

Similar reasoning leads us to conclude Green's ineffective assistance claim fails. Because the court indeed lacked jurisdiction to conduct resentencing, Green's counsel could not be ineffective for conceding the point. And because, even assuming error, there is no prejudice from Green's absence from the resentencing hearing, there can be no prejudice from his counsel failing to object to proceeding in his absence.

## DISPOSITION

The order denying Green's petition for resentencing based on lack of subject matter jurisdiction is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL
J.

I concur:

CODRINGTON
Acting P. J.

[*People v. Green*, E084337]

MENETREZ, J., Dissenting.

I agree with the trial court, the majority opinion, and *People v. Millsap* (2025) 114 Cal.App.5th 368 that because defendant Earl Ellis Green's automatic appeal is still pending before the California Supreme Court, the trial court lacked jurisdiction to grant any relief under Penal Code section 1172.75 (unlabeled statutory references are to this code). As the trial court's minute order puts it, the "[c]ourt does not have jurisdiction while the case is on appeal."

Because the trial court lacked jurisdiction for reasons that are independent of the merits of the section 1172.75 proceeding, the court's postjudgment order declining to grant any relief under section 1172.75 while the automatic appeal remains pending does not affect Green's substantial rights. The order therefore is not appealable. (§ 1237, subd. (b); see *Teal v. Superior Court* (2014) 60 Cal.4th 595, 601 [distinguishing "the issues on the merits" from "the procedural question of appealability"]; *People v. King* (2022) 77 Cal.App.5th 629, 639 ["A trial court order denying relief that the court has no jurisdiction to grant does not affect a defendant's substantial rights and is therefore not appealable under section 1237, subdivision (b)"]; *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135 ["Because the trial court lacked jurisdiction to modify defendant's sentence, denial of his motion to modify his sentence could not have affected his substantial rights" and thus "'is not an appealable order,'" so "the appeal must be dismissed"]; *People v. Littlefield* (2018) 24 Cal.App.5th 1086, 1089, 1092 [even though

1

the trial court did not lack "'fundamental jurisdiction,'" it nonetheless "lacked jurisdiction" to grant the requested relief, so the order denying that relief "did not affect [the defendant's] substantial rights and was thus nonappealable"].)

For the foregoing reasons, I believe this appeal must be dismissed for lack of appellate jurisdiction.  I therefore respectfully dissent.

MENETREZ         
J.